QUINN EMANUEL URQUHART & SULLIVAN, LLP
  R. Brian Timmons (Bar No. 155916)
  briantimmons@quinnemanuel.com
  B. Dylan Proctor (Bar No. 219354)
  dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

SPERTUS, JOSEPHS & MINNICK, LLP
  Kevin J. Minnick (SBN 269620)
  kminnick@spertuslaw.com
  Samuel A. Josephs (SBN 284035)
  sjosephs@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, California 90017
Telephone:  (213) 205-6520
Facsimile:   (213) 205-6521

*Attorneys for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, NOBLE 33 MANAGEMENT, LLC, NOBLE 33 HOLDINGS, LLC, and DOES 1-10 inclusive,<br><br>    Defendants.<br><br>THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, and NOBLE 33 MANAGEMENT, LLC,<br><br>    Counterclaim Plaintiffs,<br><br>  vs.<br><br>MATTHEW SYKEN, JON ATABEK, and ATABEK & CO.,<br><br>    Counterclaim Defendants. | Case No.<br><br>**DEFENDANTS TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, NOBLE 33 MANAGEMENT, LLC, AND NOBLE 33 HOLDINGS, LLC'S NOTICE OF REMOVAL**<br><br>28 U.S.C. §§ 1331, 1367, 1441, 1446<br><br>State Court Complaint Filed: October 14, 2025 |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Enterprises, LLC, Noble 33 Management, LLC, and Noble 33 Holdings, LLC ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. In support of removal, Defendants state as follows:

## I.  BACKGROUND

On October 14, 2025, Plaintiff Matthew Syken filed a Complaint in the Superior Court of California, County of Los Angeles, against Defendants. A copy of the Complaint is attached as **Exhibit 1**.

Defendants have not been served with process, pleadings, orders, or other papers. 28 U.S.C. § 1446(a). Defendant Noble 33 Enterprises, LLC received only materials related to its application to seal the Complaint, attached as **Exhibit 2**.

The Complaint asserts sixteen causes of action against Defendants: (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) disability discrimination in violation of FEHA (Gov. Code § 12940(a)); (4) harassment in violation of FEHA (Gov. Code § 12940(j)); (5) retaliation in violation of FEHA (Gov. Code § 12940(h)); (6) failure to prevent discrimination, harassment, and retaliation (Gov. Code § 12940(k)); (7) wrongful termination in violation of public policy; (8) retaliation in violation of Labor Code § 1102.5; (9) failure to pay wages (Lab. Code §§ 201, 202, 204, 1194); (10) waiting-time penalties (Lab. Code § 203); (11) failure to provide expense reimbursements (Lab. Code §§ 558.1, 2802); (12) failure to p1366.20, et seq.); (13) violation of Business & Professions Code § 17200; (14) civil extortion; (15) declaratory relief; and (16) injunctive relief. Exhibit 1, ¶¶ 68-187.[1]

---

[1] By removing this action, Defendants make no admissions about Plaintiff's claims and expressly deny them. Defendants' analysis of the Complaint is made

## II. VENUE

Venue lies in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Los Angeles Superior Court, where the Complaint was filed, is located within the Central District of California.

## III. JURISDICTION

This Court has federal question jurisdiction, 28 U.S.C. § 1331, because the Twelfth Cause of Action arises under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a) because those claims derive from a common nucleus of operative fact and form part of the same case or controversy as the federal ERISA claim.

### A. The Twelfth Cause of Action Arises Under ERISA

The Complaint expressly invokes ERISA's COBRA provisions. Under the well-pleaded complaint rule, federal question jurisdiction exists when a federal cause of action "appear[s] on the face" of the Complaint. *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1028 (9th Cir. 2023) (citation omitted). Plaintiff's Twelfth Cause of Action pleads that "COBRA (29 U.S.C. §§ 1161–1169) and Cal-COBRA (Cal. Health & Safety Code §§ 1366.20 et seq.) require employers to provide timely notice and an election opportunity for continuation coverage following a qualifying event." Exhibit 1, ¶ 160.

COBRA's provisions are codified in ERISA and enforced through a federal cause of action. 29 U.S.C. §§ 1132, 1161-1169. COBRA obligates "plan sponsors" to offer "terminated employees" the "option of purchasing the continuation of their

---

solely to demonstrate a federal claim "appear[s] on [its] face." *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1028 (9th Cir. 2023) (citation omitted).

health coverage without regard to insurability." *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412–13 (9th Cir. 1994). Section 502 of ERISA, 29 U.S.C. § 1132, provides the enforcement mechanism for COBRA violations. *See Counterman v. Orange Cnty. Name Plate Co.*, 2010 WL 11596672, at *5 (C.D. Cal. Aug. 2, 2010); *Forbush v. NTI-CA Inc.*, 2025 WL 405696, at *8 (S.D. Cal. Feb. 5, 2025); *Stitt v. Focusmicro, Inc.*, 2015 WL 13915426, at *7 (C.D. Cal. June 16, 2015).

Plaintiff alleged all the elements of a colorable COBRA claim. When assessing its jurisdiction, the Court need only determine whether Plaintiff "pleads a colorable claim"—one not "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 & n.10 (2006) (claim that failed on the merits for want of required element established the Court's jurisdiction) (citations omitted). The Complaint alleges that: (1) Defendants Toca Madera Holdings, LLC and the Madera Group, LLC maintained COBRA-covered "group health plans"; (2) Plaintiff was a "covered employee"; (3) Plaintiff was "terminated" around "September 9, 2025" in "retaliation" for uncovering alleged financial misconduct; (4) Defendants failed to provide required COBRA "notices, election opportunity, and uninterrupted continuation coverage" since; (5) Plaintiff suffered harm in the form of diminished "access to essential treatment[s]," "out-of-pocket" costs, and "emotional distress"; and (6) Plaintiff seeks statutory penalties and other relief. Exhibit 1, ¶¶ 58, 64, 142, 161–66. These allegations establish jurisdiction under § 1331.

A single federal claim suffices to confer jurisdiction over the case. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (when "federal law creates the right of action and provides the rules of decision," the suit "plainly 'aris[es] under' the 'laws ... of the United States.'") (citation omitted).[2]

---

[2] Federal jurisdiction exists regardless of Plaintiff's invocation of California's Cal-COBRA. ERISA § 514(a) broadly preempts state laws "relat[ing] to" employee

B. <u>The Court Has Supplemental Jurisdiction Over The Remaining Claims</u>

This Court has supplemental jurisdiction over all remaining state claims under 28 U.S.C. § 1367(a). All sixteen claims arise from the same employment relationship, Plaintiff's September 9, 2025 termination, and Defendants' alleged failures to provide wages and benefits thereafter. Exhibit 1, ¶¶ 1–67. Each claim involves identical parties, the same employment relationship, the same adverse employment action, and the same alleged deprivations of compensation and benefits. Thus, all claims in the Complaint "form part of the same case or controversy" under Article III. 28 U.S.C. § 1367(a).

## IV. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Under 28 U.S.C. § 1446(b)(1), a "notice of removal" must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Under the statute, "[t]he removal time limit starts to run only when the defendant has received the complaint *and* has been formally served," though "[f]ormal service is not a prerequisite to removal." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1078–79 (9th Cir. 2024) (emphasis in original).

Defendants have not yet been served with the Complaint, which was filed on October 14, 2025. This Notice of Removal is timely because fewer than thirty days have elapsed since any service of the Complaint. Accordingly, Defendants have satisfied the procedural requirements for removal.

---

benefit plans, and courts hold that Cal-COBRA claims overlapping with federal COBRA are preempted. *See Owens v. Blue Shield of California*, 2025 WL 870355, at *3 (N.D. Cal. Mar. 20, 2025) (Cal-COBRA claim overlapping with federal COBRA preempted); *Armiger v. Kiewit Const. Co.*, 2010 WL 1239554, at *4 (N.D. Cal. Mar. 26, 2010) (same); *see also Camp v. Pac. Fin. Grp.*, 956 F. Supp. 1541, 1544 (C.D. Cal. 1997) (discussing "broad and sweeping nature of ERISA preemption"). Even if treated as a hybrid claim, the federal COBRA component independently "appear[s] on the face of the" Complaint and establishes jurisdiction. *United Aeronautical Corp.*, 80 F.4th at 1028.

## V. **NON-WAIVER OF DEFENSES**

Defendants do not waive any defenses available to them and do not admit any of the allegations in the Complaint. Defendants expressly reserve all rights, arguments, and defenses, including but not limited to: (1) the right to challenge personal jurisdiction; (2) the right to seek dismissal, summary judgment, or other dispositive relief on any or all claims; (3) all substantive defenses to liability; and (4) all challenges to damages. Nothing in this Notice of Removal should be construed as an admission of any factual allegation or legal conclusion set forth in the Complaint.

WHEREFORE, Defendants respectfully give notice that the above-captioned civil action pending in the Los Angeles Superior Court is removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

| | | |
|---|---|---|
| 1 | DATED: December 5, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | |
| 4 | | By <u>*/s/ R. Brian Timmons*</u><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 5 | | R. Brian Timmons, Esq. |
| 6 | | B. Dylan Proctor, Esq. |
| 7 | | **SPERTUS, JOSEPHS & MINNICK, LLP** |
| 8 | | Kevin J. Minnick, Esq. |
| 9 | | Samuel A. Josephs, Esq. |
| 10 | | *Attorneys for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC* |