# EXHIBIT 2

Jon A. Atabek, Esq. (SBN 269497)
  *(jatabek@atabekandco.com)*
Shirin Ehyaei, Esq. (SBN 356975)
  *(sehyaei@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone:  (949) 229-0953
Facsimile:   (213) 402-3413

Attorneys for Plaintiff
MATTHEW SYKEN

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
## FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| MATTHEW SYKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOSH BERMAN, an individual; MICHAEL TANHA, an individual; MAHDIAR KARAMOOZ, an individual; THE MADERA GROUP, LLC, a Nevada limited liability company; TOCA MADERA HOLDINGS, LLC, a Nevada limited liability company; NOBLE 33 ENTERPRISES, LLC, a Delaware limited liability company, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 25STCV30055<br><br>**NOTICE OF NON-OPPOSITION TO DEFENDANT NOBLE 33'S EX PARTE APPLICATION TO PROVISIONALLY AND TERMPORARILY SEAL THE COMPLAINT**<br><br>Date: October 20, 2025<br>Time: 8:30 a.m.<br>Dept.: 57 |

Plaintiff MATTHEW SYKEN ("Syken" or "Plaintiff"), by and through his counsel of record, and hereby respectfully submit this Notice of Non-Opposition to the Ex Parte Application to Provisionally and Temporarily Seal the Complaint filed by Defendant NOBLE 33 ENTERPRISES, LLC ("Noble 33"), and states as follows:



1

NOTICE OF NON-OPPOSITION TO EX PARTE APPLICATION TO
PROVISIONALLY AND TEMPORARILY SEAL THE COMPLAINT

Plaintiff does not oppose the relief requested by Noble 33 on a provisional and temporary basis. To the extent (and only if) allegations raised in the Complaint implicate ethical duties to preserve confidential and/or privileged communications between Plaintiff and Noble 33, Plaintiff agrees that Noble 33 would have an overriding interest in seeking review of those claimed interests, and believes that the relief being sought is narrowly tailored to do so without unnecessarily impinging on the right of the public to access the information in this dispute. Indeed, the relief being sought would only seal the Complaint for little-more-than thirty days while the Court considers Noble 33's claims.

That said, Plaintiff also feels it necessary to explain[1] that Plaintiff disagrees with the claims made by Noble 33 regarding any confidentiality or privilege rights it may have regarding the allegations in the Complaint. Many of the allegations Noble 33 objects to relate to communications between Syken, acting in his role as a President of TMG seeking information from TMG's agent, Noble 33 (i.e. involving cross-company communications, destroying any privilege or privacy rights). Other allegations Noble 33 objects to have nothing to do with any confidentiality or privilege rights assertable by Noble 33.

As noted in the Complaint, Syken was the President of TMG (in addition to being a member of TMG and co-founder and member of Noble 33). Paragraphs 53 and 54 address Syken's complaints that he was not being provided financials that he would otherwise receive as President of TMG. Again, it is not clear how demands from the President of TMG to Noble 33 for an accounting (related to sums Noble 33 was paying to TMG from restaurant revenues) would implicate confidential or privilege rights of Noble 33. Similarly, Paragraph 49 describes the opaque nature of the financial statements being delivered by Noble 33 to TMG. And the last sentence of Paragraph 60 alleges Noble 33's refusal to reimburse expenses to TMG that Noble 33 owed to TMG. Again, this is information being shared across two distinct (ostensibly) corporate entities, destroying any confidentiality interest that Noble 33 might have otherwise had.

---

[1] This is particularly true, because Noble 33 has raised the specter of seeking sanctions against Plaintiff in its ex parte moving papers.

2
NOTICE OF NON-OPPOSITION TO EX PARTE APPLICATION TO
PROVISIONALLY AND TEMPORARILY SEAL THE COMPLAINT

1    Paragraphs 62-67 simply have no bearing on Noble 33's rights. Noble 33 objects to
2    Paragraph 62, which alleges Berman and Tanha delivered a letter on behalf of TMG to Plaintiff
3    giving Plaintiff notice of his termination from TMG and accusing him of misappropriating funds.
4    (See, Complaint ¶ 62.) Noble 33 would have no interest in that letter and the communications
5    related therein—it was not even a communication from Noble 33 and only relates to TMG's
6    interests. And Paragraphs 63-67 all relate to post termination/suspension communications relating
7    to the validity of those same accusations against Syken, or communications relating to
8    miscalculation of Syken's K-1 as a member of TMG, not Noble 33.   (Id., ¶¶ 63-67.)
9    Communications with Syken, post termination, would automatically waive any potential claim of
10   privilege, as he was no longer employed by TMG/Noble 33 in any capacity, let alone as their
11   attorney. By communicating with Syken post-termination, they must have understood that any
12   such communications would not be protected.

13   Other communications referenced in the Complaint simply do not bear on any arguable
14   confidentiality or privilege concerns belonging to Noble 33. For instance, Paragraph 60, cited in
15   the moving papers, involves Berman and Tanha asking Syken whether they could still "trust" him,
16   and whether his concerns raised as the President of TMG was the "cancer talking." Such statements
17   have no bearing on any potential confidential information of Noble 33, nor could they logically be
18   interpreted to implicate privileged information—those statements, on their face, do not seek legal
19   advice, but rather are of a purely personal nature.

20   Paragraphs 36 and 39 address the InKind program—a joint program implicating the
21   businesses of both TMG and Noble 33. Paragraph 36 merely describes the InKind Contract. That
22   contract is already a matter of public record in ongoing proceedings in the Nevada proceedings
23   between TMG and BMH referenced in the Complaint. Moreover, Paragraph 39 merely invokes
24   the negative financial impact the program was having on TMG—information that belongs to TMG,
25   not Noble 33.

26   Finally, it is not clear what confidentiality/privilege rights Noble 33 is even claiming
27   regarding the allegations in Paragraph 3. That paragraph merely states that Syken was terminated
28   from his role as President of TMG after aggressively questioning and demanding corrective action



3

NOTICE OF NON-OPPOSITION TO EX PARTE APPLICATION TO
PROVISIONALLY AND TEMPORARILY SEAL THE COMPLAINT

on misconduct alleged in paragraphs 1 and 2 (which allegations were not objected to by Noble 33), and that the termination violated a currently operative court order in the Nevada proceedings.

To be clear, Plaintiff vehemently denies that the information alleged in the Complaint implicates any confidentiality or privilege rights belonging to Noble 33. Plaintiff is merely agreeing to the requested relief to allow Noble 33 a chance to make its argument to the Court as a prophylactic measure, in case the Court disagrees with Plaintiff. But in Plaintiff's view, it is not even a close call—such cross-company, post-termination, or purely TMG-related information cannot implicate any legitimate privilege or confidentiality rights of Noble 33. Plaintiff anticipates giving greater detail on these issues if that parties cannot otherwise come to an agreement on these issues via their meet and confer efforts.

                                                       Respectfully Submitted,

                                                       **ATABEK & CO.**

Dated: October 20, 2025                    By:   */s/ Jon A. Atabek*

                                                      Jon A. Atabek, Esq.
                                                      Shirin Ehyaei, Esq.

                                                      Attorneys for Plaintiff
                                                      MATTHEW SYKEN



**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all claims triable to a jury.

**ATABEK & CO.**

Dated: October 20, 2025                    By:   */s/ Jon A. Atabek*

                                          Jon A. Atabek, Esq. (to apply *pro hac vice*)
                                          Shirin Ehyaei, Esq. (to apply *pro hac vice*)

                                          Attorneys for Plaintiff
                                          MATTHEW SYKEN



5
NOTICE OF NON-OPPOSITION TO EX PARTE APPLICATION TO
PROVISIONALLY AND TEMPORARILY SEAL THE COMPLAINT

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 250 Newport Center Drive, Suite 306, Newport Beach, California 92660.

On October 20, 2025, I served the foregoing document described as **REPLY IN SUPPORT OF DEMURRER AND MOTION TO STRIKE BY DEFENDANTS TO SECOND AMENDED COMPLAINT** on the interested parties in this action by placing ( ) the original **(X)** true copies thereof enclosed in sealed envelopes addressed as follows:

*See Attached Service List*

| ( )   BY MAIL | ( )   BY FACSIMILE TRANSMISSION |
|---|---|
| I caused such envelope to be deposited in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. | I caused said document(s) to be transmitted by facsimile transmission to the name(s) and facsimile telephone number(s) of the person(s) set forth on the attached service list. The facsimile machine telephone number of the sending facsimile machine was (213) 402-3413. A transmission report was issued by the sending facsimile machine confirming that the transmission was completed without error. A true and correct copy of said transmission report is attached hereto. |
| ( )   BY OVERNIGHT DELIVERY | ( )   BY PERSONAL DELIVERY |
| Said document was placed in an envelope designated by the express service center and placed for collection in a box regularly maintained by said carrier with whom we have a direct billing account, to be delivered to the office of the addressee listed above on the next business day. | I caused personal service of the above-referenced document by requesting that an appropriate agent deliver the above referenced documents to the office of the recipient named below, either by handing the document(s) to the recipient to by leaving the document(s) with the receptionist or other person apparently in charge of the recipient's office. |
| **( X )   BY ELECTRONIC SERVICE** By transmitting the document(s) listed above from my email to the e-mail address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. *See* California Rules of Court, rule 2060. | |

**(X)   STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(X)   EXECUTED**   on October 20, 2025 at Newport Beach, California.

*/s/ Evan Powers*
Evan Powers



PROOF OF SERVICE

**SERVICE LIST**

**SPERTUS, JOSEPHS & MINNICK, LLP**
Kevin J. Minnick
kminnick@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, California 90017
Telephone: (213) 205-6520
Facsimile: (213) 205-6521

Attorneys for Defendant
*Noble 33 Enterprises, LLC*



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

**25STCV30055**  October 21, 2025
**MATTHEW SYKEN vs TOSH BERMAN, et al.**  8:30 AM

| | |
|---|---|
| Judge: Honorable Michael Small | CSR: None |
| Judicial Assistant: Julian Araujo | ERM: None |
| Courtroom Assistant: Evangelina Sanchez | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Jon A. Atabek by LACourtConnect

For Defendant(s): Samuel Josephs for Noble 33 Enterprises, LLC by LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application UNOPPOSED TO PROVISIONALLY AND TEMPORARILY SEAL THE COMPLAINT;

The Court reads and considers the moving papers.

The matter is called for hearing.

The Court and counsel confer regarding Defendant's Ex Parte Application, and the Court orders as follows:

The Defendant's Ex Parte Application UNOPPOSED TO PROVISIONALLY AND TEMPORARILY SEAL THE COMPLAINT; filed by Noble 33 Enterprises, LLC on 10/20/2025 is Granted in Part.

The Court orders the Complaint in this case sealed in its entirety provisionally until further order of the Court, pending a noticed motion to be filed by Defendant.

Status Conference Re: Agreement on Sealing is scheduled for 11/14/2025 at 08:30 AM in Department 57 at Stanley Mosk Courthouse.

Moving party is to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| 25STCV30055 | November 14, 2025 |
| MATTHEW SYKEN vs TOSH BERMAN, et al. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Michael Small | CSR: None |
| Judicial Assistant: Julian Araujo | ERM: None |
| Courtroom Assistant: Evangelina Sanchez | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Jon A. Atabek by LACourtConnect

For Defendant(s): Kevin J. Minnick for Noble 33 Enterprises, LLC

**NATURE OF PROCEEDINGS:** Status Conference Re: Agreement on Sealing

The matter is called for hearing.

The Court and counsel confer regarding the proposed sealing and the pending Motion to Seal.

Plaintiff is to give notice.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 57

**25STCV30055**                                                                                                November 26, 2025
**MATTHEW SYKEN vs TOSH BERMAN, et al.**                                                        8:30 AM

Judge: Honorable Michael Small            CSR: None
Judicial Assistant: A. J. Ortiz                    ERM: None
Courtroom Assistant: E. Sanchez            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Jon A. Atabek Via LA COURT/CONNECT

For Defendant(s): Noble 33 Enterprises, LLC By Cole Waldhauser and Sam Josephs Via

LACOURT/CONNECT

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application TO ADVANCE THE HEARING DATE ON ITS MOTION TO SEAL PLAINTIFFS OPPOSITION TO THE MOTIONT TO SEAL COMPLAINT

The matter is called for Hearing on Ex Parte Application TO ADVANCE THE HEARING DATE ON ITS MOTION TO SEAL PLAINTIFFS OPPOSITION TO THE MOTION TO SEAL COMPLAINT
The Court reads and considers ex parte
The Ex parte is heard and argued.
The Ex parte is granted.
The hearing on motion to seal the Opposition is heard and GRANTED,
No sanctions

On the Court's own motion, the Hearing on Motion to Seal the Opposition and Sanctions scheduled for 03/24/2026 is advanced to this date and heard.

Plaintiff is to give notice.