1 | QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2 |   R. Brian Timmons (Bar No. 155916)
  briantimmons@quinnemanuel.com
3 |   B. Dylan Proctor (Bar No. 219354)
  dylanproctor@quinnemanuel.com
4 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
5 | Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

SPERTUS, JOSEPHS & MINNICK,
LLP
  Kevin J. Minnick (SBN 269620)
  kminnick@spertuslaw.com
  Samuel A. Josephs (SBN 284035)
  sjosephs@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, California 90017
Telephone:  (213) 205-6520
Facsimile:   (213) 205-6521

*Attorneys for Defendants and
Counterclaim Plaintiffs The Madera
Group, LLC, Toca Madera Holdings, LLC,
Noble 33 Management, LLC and
Defendants Tosh Berman, Michael Tanha,
Mahdiar Karamooz, Noble 33 Enterprises,
LLC. and Noble 33 Holdings. LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MATTHEW SYKEN

        Plaintiff,

    vs.

TOSH BERMAN, MICHAEL TANHA,
MAHDIAR KARAMOOZ, THE
MADERA GROUP, LLC, TOCA
MADERA HOLDINGS, LLC, NOBLE
33 ENTERPRISES, LLC, NOBLE 33
MANAGEMENT, LLC, NOBLE 33
HOLDINGS, LLC, and DOES 1-10
inclusive,

        Defendants.

THE MADERA GROUP, LLC, TOCA
MADERA HOLDINGS, LLC, and
NOBLE 33 MANAGEMENT, LLC,

        Counterclaim Plaintiffs,

    vs.

MATTHEW SYKEN, JON ATABEK,
and ATABEK & CO.,

        Counterclaim Defendants.

Case No.

**DEFENDANTS' APPLICATION TO
FILE UNDER SEAL CERTAIN
DOCUMENTS IN SUPPORT OF
NOTICE OF REMOVAL**

Trial Date:     None Set

Pursuant to Local Rule 79-5.2.2, Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Enterprises, LLC, Noble 33 Management, LLC, and Noble 33 Holdings, LLC (together, "Defendants"), hereby apply to file the following documents under seal: the state court Complaint, the Answer thereto, the Declaration of Dylan Proctor in support of this application.

1.     Defendants bring this Application to seal the Complaint that commenced the underlying state court action, *Matthew Syken v. Tosh Berman, et al*. (Case No. 25STCV30055) (LA Sup. Ct. filed Oct. 14, 2025).   That Complaint—filed by Matthew Syken, who until recently was Defendants and Counterclaim Plaintiffs' General Counsel and Chief Legal Officer—contains a wealth of privileged attorney-client communications, confidential information that Syken received from his clients, and sensitive business trade secrets.  Because Syken's Complaint primarily consists of information that Syken received from his clients, the State Court entered an emergency order provisionally sealing the Complaint from public view in its entirety. *See* Exhibit A ("Ex. A"), October 21, 2025 Minute Order (upon consideration of moving papers, ordering the "Complaint in this case sealed in its entirety provisionally.")

2.     Consistent with the State Court Sealing Order, Defendants hereby seek to file under seal the Complaint, which is attached as Exhibit 1 to the Notice of Removal, except for Exhibit 1 to the Complaint.

3.     In the Ninth Circuit, sealing is proper upon a showing of "compelling reasons sufficient to outweigh the public's interest in disclosure." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "'[C]ompelling reasons'" exist when "such court files might have become a vehicle for improper purposes, such as the disclosure of privileged communications or release of trade secrets." *Id.* at 1179 (internal quotation marks omitted).  Such materials are "not subject to the right of public access at all because the records have 'traditionally been kept secret for

important policy reasons.'" *Id.* at 1178. "[A]ttorney-client privileged materials, of course, are archetypal examples of material that has traditionally been kept secret for important policy reasons." *Capitol Specialty Ins. Corp. v. GEICO Gen. Ins. Co*., 2021 WL 7708485, at *1 (C.D. Cal. May 20, 2021) (quoting *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012)).

4.    Given the important protections afforded to attorney-client communications and trade secrets, a movant need not satisfy the "compelling reasons" standard nor make a "particularized showing of good cause" to seal such information. *Kamakana*, 447 F.3d at 1185.  Rather, the existence of such information is itself a compelling reason for sealing. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1225 n.3 (Fed. Cir. 2013) (under Ninth Circuit law, documents may be sealed if they are "sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts Inc*., 298 Fed. App'x. 568, 569-70 (9th Cir. 2008) (pricing terms and business arrangements constituting trade secrets meet the "compelling reasons" standard); *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003) (protecting the attorney-client privilege is a compelling reason to seal).

5.    For these reasons, the state court where Plaintiff filed his Complaint granted emergency relief to seal it. *See* Ex. A, at 1 (ordering sealing the Complaint "entirety provisionally until further order of the Court"). And that provides an additional basis for this Court to do the same.   Where—as here—a state has determined that materials warrant confidentiality protections, comity counsels federal courts to respect that determination. *See, e.g.*, *Gomez v. Shinn*, 2022 WL 4535415, at *2 (D. Ariz. Sept. 27, 2022) (federal court would not "sidestep the state-court sealing orders," particularly as case might be "remanded"); *Coley v. Carter*, 2025 U.S. Dist. LEXIS 210250, at *3–4 (C.D. Cal. Oct. 24, 2025) (finding "good cause" to seal partly based on state court's sealing determination); *Toliver v. Las Vegas Metro. Police Officers*, 2021 WL 1080739, at *7 (D. Nev. Mar. 17, 2021) (sealing in light of state

-3-

Legislature's "clear direction" that certain information "should not be made a part of the public record"); *Barnard v. State of Hawai'i*, 2007 WL 954303, at *3 (D. Haw. Mar. 27, 2007) (sealing in light of "strong state interest in confidentiality"). The interests that compelled sealing in state court—protection of privileged and confidential communications and sensitive business information—apply with equal force in this Court.

**A. State Court Complaint (Exhibit 1 to Notice of Removal)**

6. The Complaint, filed in the Los Angeles Superior Court on October 14, 2025, contains an extensive discussion of privileged and confidential attorney-client communications, sensitive business information, and trade secrets. This includes: (a) references to and discussions of attorney-client communications; (b) detailed allegations concerning internal business practices, financial arrangements, proprietary business relationships, and confidential business strategies that Syken discussed with his clients while working as their General Counsel and Chief Legal Officer; (c) allegations involving specific confidential financial transactions, revenue figures, and business dealings with clients and third parties; and (d) sensitive information regarding business relationships and client arrangements that could harm the competitive standing of the parties if publicly disclosed.

7. The state court's October 21, 2025 Order expressly found this information worthy of protection. The same considerations justify sealing here.

**B. Answer**

8. Defendants' Answer necessarily responds to and quotes from the sealed Complaint, thereby incorporating the same privileged attorney-client communications, confidential business information, and trade secrets that warranted sealing the Complaint itself. Publicly filing the Answer would effectively circumvent the protections afforded to the Complaint by disclosing through responsive pleadings the very information the state court determined must remain confidential. The

-4-

1  Answer should therefore be sealed for the same reasons articulated above with respect

2  to the Complaint.

3  **C. Declaration of B. Dylan Proctor In Support of Sealing**

4  9.    The Declaration of B. Dylan Proctor in support of sealing the state court

5  Complaint contains numerous quotations from the Complaint. Per L.R. 79-5.2.2, the

6  Declaration has been filed in a manner "closed to public inspection," and should

7  remain under seal for the same reasons above.

8  \*    \*    \*

9  For the foregoing reasons, Defendants respectfully request that the Court enter

10  an Order permitting the Complaint, Answer, and Declaration of B. Dylan Proctor to

11  be filed under seal.  A Proposed Order granting this Application has been submitted

12  herewith.

13

14  DATED:  December 5, 2025          QUINN EMANUEL URQUHART &

15                                   SULLIVAN, LLP

16

17

18  By____/s/ R. Brian Timmons_____

    R. Brian Timmons, Esq.

19  B. Dylan Proctor, Esq.

20  **SPERTUS, JOSEPHS &**

21  **MINNICK, LLP**

    Kevin J. Minnick, Esq.

22  Samuel A. Josephs, Esq.

23  *Attorneys for Defendants and*

24  *Counterclaim Plaintiffs The Madera*
    *Group, LLC, Toca Madera Holdings, LLC,*
    *Noble 33 Management, LLC and*

25  *Defendants Tosh Berman, Michael Tanha,*
    *Mahdiar Karamooz, Noble 33 Enterprises,*

26  *LLC. and Noble 33 Holdings. LLC*

27

28

-5-