Jon A. Atabek, Esq. (SBN 269497)
 *(jatabek@atabekandco.com)*
Shirin Ehyaei, Esq. (SBN 356975)
 *(sehyaei@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413

Attorneys for Plaintiff
MATTHEW SYKEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN, an individual, | Case No.: 2:25-CV-11622 |
| Plaintiff, | **OPPOSITION OF PLAINTIFF MATTHEW SYKEN TO THE MOTION SEAL THE COMPLAINT** |
| v. | |
| TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, and DOES 1-10 inclusive, | Trial Date: None |
| Defendants. | |
| THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, and NOBLE 33 MANAGEMENT, LLC, | |
| Counterclaim Plaintiffs, | |
| v. | |
| MATTHEW SYKEN, JON ATABEK, and ATABEK & CO., | |
| Counterclaim Defendants. | |



1
OPPOSITION TO APPLICATION TO FILE UNDER SEAL

1  Plaintiff Matthew Syken ("Plaintiff") submits this Opposition to Defendants'
2  Application to File Under Seal and states as follows:

3  **I.  INTRODUCTION**

4  The Application is procedurally defective, strategically timed to circumvent
5  adjudication in the State Court, materially misleading as to the state of the record, and
6  substantively unsupported under governing federal law. Defendants cannot satisfy the
7  Ninth Circuit's "compelling reasons" requirement, nor the procedural requirements of
8  the Central District's sealing framework. Moreover, the Application attempts to
9  enlarge a provisional state sealing ruling into something it was not—namely, a
10 substantive determination on the merits. Because the Application fails at every
11 stage—procedurally, substantively, and ethically—it must be denied. The procedural
12 posture of this matter warrants clarification for the Court. The removal of this action
13 occurred on December 5, 2025, one business day before a scheduled state-court
14 hearing on Defendant's opposed motion to seal, after full briefing had been completed.
15 As a result, the state court was unable to reach the merits of Defendant's sealing
16 motion. Defendants then filed the instant Application immediately upon removal,
17 seeking continuation of the provisional sealing order previously entered in state court.

18 The record also reflects that, in describing the state court's provisional sealing
19 order, Defendants did not inform this Court that the order had been issued solely to
20 preserve the status quo until the December 8 hearing. The order did not include
21 findings under California Rule of Court 2.550 and was not intended to be a substantive
22 determination. Defendant also failed to notify this Court that Plaintiff opposed.

23 Even setting timing considerations aside, the Application does not satisfy the
24 governing Ninth Circuit standard. To justify sealing, the moving party must identify
25 specific, compelling reasons supported by concrete evidence. Here, Defendants rely
26 on broad assertions of privilege without identifying particular privileged
27 communications at issue, explaining why targeted redactions would be inadequate, or
28 addressing why materials already filed publicly in the Nevada action could now be



treated as confidential. Defendant has had plenty of time to evaluate and narrow its proposed redactions due to the two months since appearing in state court to seek a sealing order. On this record, the requested sealing is not supported under the applicable standard.

For these reasons, the Application should be denied.

## II.   SEALING PROCEDURES AND THE EFFECT OF REMOVAL

The timing of removal places the sealing question in a distinctive procedural posture. Defendants did not seek removal earlier in the litigation—such as upon service, the filing of initial pleadings, or the filing of the sealing opposition—but instead removed the case shortly before the state court's scheduled hearing on the sealing motion. As a result, the state court did not decide the merits of the motion to seal. The state court's prior order was expressly provisional and remained subject to further adjudication.

Once in federal court, Defendants cannot rely on a sealing order that was unopposed, expressly temporary, provisional, and issued without making any of the findings required under California sealing rules. The December 8 hearing existed precisely because the state court had not determined sealing on the existing record. Removal on December 5 deliberately prevented that adjudication. No statute, rule, or principle gives a removing party the right to convert a temporary sealing order into a substantive one merely by changing venues. To the contrary, federal sealing must be met under federal standards.

Defendants are correct that the federal standards are governed by *Kamakana* and its progeny; however, under that authority, judicial records are presumptively public. As *Kamakana* explains, "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, "a strong presumption in favor of access" is "the starting point" of the analysis.



OPPOSITION TO APPLICATION TO FILE UNDER SEAL

*Id.* (internal quotation marks omitted). Because removal instantly and irrevocably subjected the record to federal standards, Defendants were required to demonstrate compelling reasons to maintain sealing. They have not attempted to do so; they instead treat the provisional state order as though it were binding and substantive. This Court should decline to carry forward sealing that Defendants have never justified and should reject any invitation to maintain sealing by procedural happenstance rather than substantive showing.

### III. DEFENDANTS' FAILURE TO DISCLOSE THE EXISTENCE OF A STATE-COURT OPPOSITION

Defendants' Application mentions the provisional sealing order but pointedly omits the fact that Plaintiff filed a thorough, evidence-supported opposition in state court. That omission is not merely incomplete—it is materially misleading, because it suggests that sealing was uncontested or accepted by Plaintiff, when in reality it was actively challenged and teed up for adjudication on December 8th. Their omission distorts the procedural posture and misleads this Court about the status of the sealing dispute that existed prior to removal.

Defendants were obligated to provide full and accurate procedural context, including the fact that Plaintiff opposed sealing, submitted detailed briefing on the issue, and was set to have arguments heard on the merits. Instead, they portray the provisional sealing order as if it had resolved the sealing issue substantively, when it plainly had not. The order was expressly provisional, issued without findings, limited in duration, and conditioned on further briefing. Defendants removed the case literally **one business day before** the state court would have addressed the sealing motion on the merits, and they now attempt to benefit from that timing by presenting the sealing posture as resolved or uncontroversial. The omission renders the application materially inaccurate.

/ / /

/ / /



4
OPPOSITION TO APPLICATION TO FILE UNDER SEAL

## IV. MUCH OF THE INFORMATION DEFENDANTS SEEK TO SEAL IS ALREADY PUBLIC AND INVOLVES POST TERMINATION COMMUNICATIONS

The Application is further undermined by the fact that substantial material is already public. Defendants' relationship with InKind is publicly advertised, including on the websites of both InKind and Toca Madera.[1] Defendants' assertions of confidentiality are therefore facially implausible. Their claim that the mere existence of the relationship is privileged or secret is contradicted by public-facing representations accessible to anyone. Also the subject of allegations in the Scott Jackson suit. Once information has entered the public domain, sealing is inappropriate.

## V. DEFENDANTS CANNOT USE REMOVAL TO EXTEND A PROVISIONAL ORDER THAT WAS NEVER ADJUDICATED

Finally, Defendants' request fails because removal does not extend or legitimize a provisional sealing order. The provisional state order was not supported by findings, was expressly temporary, and did not resolve the sealing issue. The moment the case arrived in federal court, sealing had to be justified under federal law. Defendants have not met that burden. They instead rely on the provisional state court order as if it were a substantive adjudication. It was not.

Removal cannot be used to convert a provisional order into a substantive one. Federal courts do not maintain sealing orders that have never been justified. Once in federal court, Defendants had to justify sealing—yet they have failed to do so. The appropriate remedy is to deny sealing.

## VI. CONCLUSION

For all the reasons stated above, the Court should deny Defendants' Application to File Under Seal in its entirety. The Application is procedurally defective; it was filed for improper tactical purpose; it lacks candor regarding the procedural posture;

---

[1] tocamadera.inkind.com



5

and it fails substantively under Ninth Circuit standards governing sealing. Plaintiff respectfully requests that the Court deny the Application in full, lift any provisional sealing in effect, and direct that all filings be made public, subject only to any narrowly tailored and properly supported future requests.

Respectfully Submitted,

**ATABEK & CO.**

Dated: December 15, 2025            By: __/s/ Jon A. Atabek_____

                                            Jon A. Atabek, Esq.
                                            Shirin Ehyaei, Esq.
                                            Attorneys for Plaintiff
                                            MATTHEW SYKEN

# *CERTIFICATE OF SERVICE*

On December 15, 2025, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) have been so served to the following:

| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>R. Brian Timmons (Bar No. 155916)<br>briantimmons@quinnemanuel.com<br>B. Dylan Proctor (Bar No. 219354)<br>dylanproctor@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443 3000<br>Facsimile: (213) 443-3100<br><br>*Attorneys for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC* | SPERTUS, JOSEPHS & MINNICK, LLP<br>Kevin J. Minnick (SBN 269620)<br>kminnick@spertuslaw.com<br>Samuel A. Josephs (SBN 284035)<br>sjosephs@spertuslaw.com<br>617 West 7th Street, Suite 200<br>Los Angeles, California 90017<br>Telephone: (213) 205-6520<br>Facsimile: (213) 205-6521 |
|---|---|

December 15, 2025

**ATABEK & CO.**

*/s/ Evan Powers*
Evan Powers

