UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:25-cv-11622-MCS-MBK** | Date December 19, 2025 |
| Title ***Syken v. Berman*** | |

Present: The Honorable   **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING APPLICATION (ECF NO. 5)**

Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Enterprises, LLC, Noble 33 Management, LLC, and Noble 33 Holdings, LLC, filed an application to seal the state court complaint and answer attached to their notice of removal. (Appl., ECF No. 5.) Plaintiff Matthew Syken opposes the application. (Opp'n, ECF No. 10.) The Court deems the matter appropriate for decision without further briefing or argument. Fed R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The application is denied. Defendants allege that Plaintiff included unredacted confidential information and information protected by the attorney-client privilege in the complaint. (*See* Appl. ¶ 1.) The answer, which "necessarily responds to and quotes from" the complaint, also allegedly contains protected information. (*Id.* ¶ 8.) The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Consequently, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal court documents bears the burden of overcoming this presumption by presenting "compelling reasons

supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. 3:17-cv-01436-GPC-MDD, 2017 WL 7362744, at *2 (S.D. Cal. Nov. 7, 2017) ("[D]istrict courts generally conclude that the 'compelling reasons' standard applies because the complaint initiates the civil action."). The presence of attorney-client privileged information generally serves as a compelling reason to seal a document, including the complaint. *Williams & Cochrane*, 2017 WL 7362744, at *2. An application to seal must be accompanied by a declaration establishing good cause or compelling reasons why the strong presumption of public access should be overcome with citations of the applicable legal standard and informing the Court whether the application will be opposed, and redactions must be narrowly tailored to only the sealable material. C.D. Cal. R. 79-5.2.2(a)(i)–(ii).

Here, the declaration accompanying Defendants' application does not establish good cause or compelling reasons why the complaint and answer should be maintained under seal in their entirety. The parties disagree about whether the complaint and answer contain privileged and confidential information. (*Compare* Appl. ¶¶ 1, 8, *with* Opp'n 5.) While it is true that "where the attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure," *United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999), Defendants' request to seal the complaint and answer in their entirety is overbroad. For example, jurisdictional allegations describing the parties' citizenship are not plausibly protected by the attorney-client privilege and do not contain confidential information. (*See* Compl. ¶¶ 6–17, ECF No. 6-1.) Defendants' application is therefore denied without prejudice to renewal of a sealing application that proposes narrowly targeted redactions. Upon refiling, Defendants shall file redacted versions of the documents proposed to be filed under seal for public view, C.D. Cal. R. 79-5.2.2(a)(iii), and shall file unredacted versions of the documents with highlights to indicate the proposed redactions, *id.* R. 79-5.2.2(a)(iv).

///

Local Rule 79-5.2.2(a) provides that documents subject to a denied sealing application must be publicly filed within three days after the denial. In the interest of conserving resources, the Court orders that Defendants must either file the complaint and answer publicly in unredacted form or file a renewed application within 14 days after entry of this Order. If Defendants elect to file a renewed application, the parties must meet and confer regarding proposed redactions, and Defendant must submit a declaration certifying compliance with this Order.

**IT IS SO ORDERED.**