QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   R. Brian Timmons (Bar No. 155916)
   briantimmons@quinnemanuel.com
   B. Dylan Proctor (Bar No. 219354)
   dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

SPERTUS, JOSEPHS & MINNICK, LLP
   Kevin J. Minnick (SBN 269620)
   kminnick@spertuslaw.com
   Samuel A. Josephs (SBN 284035)
   sjosephs@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, California 90017
Telephone:  (213) 205-6520
Facsimile:   (213) 205-6521

*Attorneys for Defendants and
Counterclaim Plaintiffs The Madera
Group, LLC, Toca Madera Holdings,
LLC, Noble 33 Management, LLC and
Defendants Tosh Berman, Michael
Tanha, Mahdiar Karamooz, Noble 33
Enterprises, LLC, and Noble 33
Holdings. LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN<br><br>            Plaintiff,<br><br>      vs.<br><br>TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, NOBLE 33 MANAGEMENT, LLC, NOBLE 33 HOLDINGS, LLC, and DOES 1-10 inclusive,<br><br>            Defendants. | Case No. 2:25-cv-11622-MCS-MBK<br><br>**COUNTERCLAIM PLAINTIFFS' APPLICATION TO SEAL CERTAIN DOCUMENTS IN SUPPORT OF PRELIMINARY INJUNCTION MOTION**<br><br>Trial Date:          None Set |
| THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, and NOBLE 33 MANAGEMENT, LLC,<br><br>            Counterclaim Plaintiffs,<br><br>      vs.<br><br>MATTHEW SYKEN, JON ATABEK, and ATABEK & CO.,<br><br>            Counterclaim Defendants. | |

1.      Pursuant to Local Rule 79-5.2.2, Counterclaim Plaintiffs The Madera Group, LLC ("TMG"), Toca Madera Holdings, LLC, and Noble 33 Management, LLC ("Noble 33") (together, "Counterclaim Plaintiffs") seek to seal wholly or partially: (1) their Memorandum of Points and Authorities in Support of Preliminary Injunction Motion ("Motion"); (2) the Declaration of Michael Tanha ("Tanha Declaration") and Exhibits D, E, F, H, and I thereto; (3) Exhibits B and E to the Declaration of Kevin J. Minnick ("Minnick Declaration"); and (4) the Declaration of Andrew Harris ("Harris Declaration").

2.      In the Ninth Circuit, sealing is proper upon a showing of "compelling reasons sufficient to outweigh the public's interest in disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). "[C]ompelling reasons" exist when "such court files might have become a vehicle for improper purposes," including "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179.

3.      Certain categories of information are not subject to public access because they constitute materials "traditionally [] kept secret for important policy reasons." *Id*. at 1178.  Such materials "do not require 'compelling reasons' nor a 'particularized showing of good cause' before filing under seal."  *Id*. at 1178, 1185.  "[A]ttorney-client privileged materials, of course, are archetypal examples of material that has traditionally been kept secret for important policy reasons." *Capitol Specialty Ins. Corp. v. GEICO Gen. Ins. Co*., 2021 WL 7708485, at *2 (C.D. Cal. May 20, 2021) (citations omitted).  Further, "[t]he common-law right of inspection has bowed before the power of a court to insure that its records are not used…as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts Inc*., 298 F. App'x 568, 569 (9th Cir. 2008) (citations omitted).  Similarly, the "confidentiality of settlement negotiations is without dispute." *WCDS Buyer, Inc. v. Sohrab*, 2025 WL 2684117, at *3 (C.D. Cal. Jan. 13, 2025) (discussing cases) (citation omitted).

4.      The proposed redactions fall into four categories: (1) confidential settlement discussions with adverse parties in related litigation; (2) confidential business information including strategic partnerships, expansion plans, financial arrangements, and operational matters; (3) personnel and compensation information; and (4) references to sealed allegations that Syken obtained while serving as in-house counsel to Noble 33 and TMG. The vast majority of both documents will remain public, including all legal arguments, authorities, and general factual allegations.

5.      Courts in both California and Nevada have previously ordered this information as it appears in Syken's complaint sealed. *See Madera Grp. LLC v. Breakwater Madera Holdings, LLC*, No. A-23-875298-B, Order Granting, in Part, Pl.'s Mot. to Seal (Nev. Dist. Ct. Clark Cnty. Nov. 4, 2025) (ordering Syken's proposed counterclaim and exhibits to remain under seal); *Syken v. Berman*, No. 25STCV30055, Minute Order (Cal. Super. Ct. L.A. Cnty Oct. 21, 2025) (granting ex parte application to provisionally seal complaint); *Syken v. Berman*, No. 25STCV30055, Minute Order (Cal. Super. Ct. L.A. Cnty Nov. 26, 2025) (granting motion to seal opposition).

**A. Memorandum of Points and Authorities**

6.      The Motion contains limited references to the four categories of protected information identified above.  These references are necessary to support Counterclaim Plaintiffs' legal arguments but contain information that, if disclosed, could harm ongoing settlement negotiations, damage business relationships, and provide competitors with strategic intelligence.

7.      The specific portions proposed for sealing are identified with particularity in the accompanying Declaration of B. Dylan Proctor and Proposed Order.  The redactions are narrowly tailored to protect only genuinely confidential information while preserving full public access to all legal arguments and general factual allegations.

**B. Declaration of Michael Tanha**

8.    The Tanha Declaration and Exhibits D, E, F, H, and I thereto discuss the same four categories of protected information.  They contain: (a) details regarding confidential settlement discussions; (b) confidential business information including strategic partnerships, expansion plans, financial arrangements, and operational matters; (c) personnel, financial, and compensation information; and (d) references to sealed allegations based on confidential information as well as confidential information Syken obtained as General Counsel of TMG and the Chief Legal Officer of Noble 33.

9.    Public disclosure would harm Counterclaim Plaintiffs' negotiating positions, expose them to competitor interference, and amplify the damaging allegations both state courts ordered sealed.  The proposed redactions are identified in the accompanying Declaration of B. Dylan Proctor and Proposed Order.  The substantial majority of the Declaration will remain publicly accessible.

**C. Declaration of Kevin J. Minnick**

10.    Exhibits B and E to the Minnick Declaration warrant sealing. Exhibit B contains Syken's October 13, 2025 letter and draft counterclaims that he proposed filing in Nevada.  Exhibit E contains the counterclaims Syken actually filed in Nevada on October 21, 2025.  Both documents contain verbatim recitations of allegations based on confidential information Syken obtained as in-house counsel, which California and Nevada courts have ordered sealed.  The remainder of the Minnick Declaration will remain public, including all factual narrative, legal arguments, and authorities.

**D. Declaration of Andrew Harris**

11.    The Harris Declaration contains references to sealed allegations based on confidential information Syken obtained as General Counsel of TMG and the Chief Legal Officer of Noble 33.

12.    Public disclosure would amplify the damaging allegations both state courts ordered sealed.  For those compelling reasons, the Harris Declaration warrants sealing in its entirety.

\*        \*        \*

13.    The parties have extensively litigated the confidentiality of information similar to that Counterclaim Plaintiffs presently request be filed under seal.  Following a telephonic meet and confer, Counsel for Syken indicated he would "indicate any non-opposition to any of the specific redactions in a responsive filing, together with any statements in opposition on the remaining reductions [sic] proposed."

14.    For the foregoing reasons, Counterclaim Plaintiffs respectfully request that the Court enter an Order permitting the following documents to be filed partially or fully under seal: (1) the Memorandum of Points and Authorities in Support of Preliminary Injunction Motion; (2) the Declaration of Michael Tanha and Exhibits D, E, F, H and I thereto; (3) Exhibits B and E to the Declaration of Kevin J. Minnick; and (4) the Declaration of Andrew Harris.  A Proposed Order granting this Application has been submitted herewith.

Case No. 2:25-cv-11622-MCS-MBK
COUNTERCLAIM PLAINTIFFS'  APPLICATION TO SEAL CERTAIN DOCUMENTS IN SUPPORT OF
PRELIMINARY INJUNCTION MOTION

1  | DATED:  December 23, 2025            Respectfully submitted,

2

3

4  |                                      By  _/s/ R. Brian Timmons_
   |                                      **QUINN EMANUEL URQUHART &**
   |                                      **SULLIVAN. LLP**
5  |                                      R. Brian Timmons, Esq.
   |                                      B. Dylan Proctor, Esq.
6

7  |                                      **SPERTUS, JOSEPHS &**
   |                                      **MINNICK. LLP**
8  |                                      Kevin J. Minnick, Esq.
   |                                      Samuel A. Josephs, Esq.
9

10 |                                      *Attorneys for Counterclaim Plaintiffs and*
   |                                      *Defendants The Madera Group, LLC, Toca*
   |                                      *Madera Holdings, LLC, Noble 33*
11 |                                      *Management, LLC and Defendants Tosh*
   |                                      *Berman, Michael Tanha, Mahdiar*
12 |                                      *Karamooz, Noble 33 Enterprises, LLC, and*
   |                                      *Noble 33 Holdings, LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28