QUINN EMANUEL URQUHART & SULLIVAN, LLP
  R. Brian Timmons (Bar No. 155916)
  briantimmons@quinnemanuel.com
  B. Dylan Proctor (Bar No. 219354)
  dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

SPERTUS, JOSEPHS & MINNICK, LLP
  Kevin J. Minnick (SBN 269620)
  kminnick@spertuslaw.com
  Samuel A. Josephs (SBN 284035)
  sjosephs@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, California 90017
Telephone:  (213) 205-6520
Facsimile:   (213) 205-6521

*Attorneys for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN,<br><br>    Plaintiff,<br><br>vs.<br><br>TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, NOBLE 33 MANAGEMENT, LLC, NOBLE 33 HOLDINGS, LLC, and DOES 1-10 inclusive,<br><br>    Defendants.<br><br>THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, and NOBLE 33 MANAGEMENT, LLC,<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>MATTHEW SYKEN, JON ATABEK, and ATABEK & CO.,<br><br>    Counterclaim Defendants. | Case No. 2:25-cv-11622-MCS-MBK<br><br>**COUNTERCLAIM PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Trial Date:    None Set |

**NOTICE OF MOTION AND MOTION TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that as soon as the parties may be heard, in the courtroom of the Honorable Mark C. Scarsi located at First Street U.S. Courthouse, Los Angeles, Courtroom 7C, 7th Floor, Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, and Noble 33 Management, LLC (collectively, "Counterclaim Plaintiffs"), will move for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and other applicable law, restraining and enjoining Counterclaim Defendant Matthew Syken, and all others acting in concert with him, including any of his agents, representatives, or attorneys, including but not limited to Counterclaim Defendants Jon Atabek and Atabek & Co., from:

1. Using or disclosing, to the public or any third party, any Confidential Information concerning or relating to Counterclaim Plaintiffs that Syken learned or received as Counterclaim Plaintiffs' attorney, except as specifically permitted below.

2. For purposes of this motion, "Confidential Information" means information that is: (a) protected by the attorney-client privilege under California Evidence Code § 950 et seq.; (b) protected as attorney work product under California Code of Civil Procedure § 2018.030; (c) subject to the duty of confidentiality under California Business and Professions Code § 6068(e)(1); (d) protected by the confidentiality provisions in Mr. Syken's Employment Agreement (Exhibit A to the Karamooz Declaration, Section 17(a)-(c)); (e) non-public information of or relating to Counterclaim Plaintiffs that Syken learned during his work as Counterclaim Plaintiffs' attorney; and/or (f) any other non-public information that Syken learned during his work as Counterclaim Plaintiffs' attorney that could cause harm, embarrassment, damage, or otherwise negatively affect Counterclaim Plaintiffs if disclosed or used.

3. Permitting Mr. Syken to disclose Confidential Information only (a) to his own counsel in confidence for the purpose of seeking legal advice, or (b) for purposes of

1  litigation, provided that any disclosure for purposes of litigation is made (i) strictly
2  under seal, (ii) solely to Counterclaim Plaintiffs (as holders of the privilege) and the
3  Court, with no disclosure (whether under seal or otherwise) to any other persons or
4  parties, and (iii) in compliance with all applicable sealing and protective orders and
5  requirements.

6  Counterclaim Plaintiffs bring this motion for a preliminary injunction on the grounds that Syken has repeatedly and willfully violated his fiduciary duties as a former attorney, breached his contractual confidentiality obligations, and caused immediate and irreparable injury to Counterclaim Plaintiffs through his unauthorized disclosure and misuse of confidential client information.  Unless Syken is enjoined from continuing this unlawful conduct, Counterclaim Plaintiffs will suffer further irreparable harm to their business relationships, reputation, competitive position, and pending litigations.

14  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Mahdiar Karamooz, Michael Tanha, Kevin J. Minnick, Andrew Harris, Dan Ray, and Yanai Ben-Gigi filed in support thereof, and such further evidence or argument as the Court may consider.

DATED: December 23, 2025          Respectfully submitted,


By  /s/ R. Brian Timmons
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
R. Brian Timmons, Esq.
B. Dylan Proctor, Esq.

**SPERTUS, JOSEPHS & MINNICK, LLP**
Kevin J. Minnick, Esq.
Samuel A. Josephs, Esq.

*Attorneys for Counterclaim Plaintiffs and Defendants The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC*