Jon A. Atabek, Esq. (SBN 269497)
  *(jatabek@atabekandco.com)*
Shirin Ehyaei, Esq. (SBN 356975)
  *(sehyaei@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone:  (949) 229-0953
Facsimile:   (213) 402-3413

Attorneys for Plaintiff
MATTHEW SYKEN

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN, an individual, | Case No.: 2:25-CV-11622 |
| Plaintiff, | **PLAINTIFF MATTHEW SYKEN'S UNOPPOSED EX PARTE APPLICATION TO STRIKE DOCKET ENTRIES 25 AND 26 FROM THE RECORD** |
| v. | |
| TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, AMROU MANASEER, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, and DOES 1-10 inclusive, | |
| Defendants. | |



**PLEASE TAKE NOTICE** that Plaintiff MATTHEW SYKEN hereby brings this unopposed Ex Parte Application requesting an order striking Docket Entries 25 and 26, which were incorrectly filed and contain information that Defendants contend is privileged or confidential. The documents at issue have already been properly re-filed as Docket Entries 27 and 28, respectively.

This Application is made pursuant to Local Rule 7-19 and the Court's inherent authority to manage its docket and protect privileged material, and is based upon this Application, the accompanying Declaration of Jon A. Atabek the records on file herein, and such other matters as the Court may consider.

**ATABEK & CO.**

Dated: December 26, 2025          By: __/s/ Jon A. Atabek_____

Jon A. Atabek, Esq.
Shirin Ehyaei, Esq.
Attorneys for Plaintiff
MATTHEW SYKEN



2
**UNOPPOSED EX PARTE APPLICATION TO STRIKE DOCKET ENTRIES 25 AND 26**

# MEMORANDUM OF POINTS AND AUTHROITIES

## I. EX PARTE RELIEF IS WARRANTED

Ex parte relief is appropriate because the requested relief is procedural and corrective in nature, unopposed, and seeks to remedy an inadvertent filing error involving documents that contain information Defendants contend is privileged or confidential, without affecting the substantive rights of any party.

Docket Entries 25 and 26 were filed in error and have been superseded by the properly filed documents at Docket Entries 27 and 28. The continued public availability of the erroneous filings serves no legitimate purpose and creates an unnecessary risk of disclosure of what Defendants contend is privileged material, as the corrected filings now constitute the operative submissions before the Court.

The relief requested is non-prejudicial. Striking the inadvertently filed docket entries will not alter the record in any substantive respect, delay the proceedings, or impair any party's ability to litigate this action. Rather, it will clarify the docket, eliminate duplicative filings, and ensure that the record accurately reflects the parties' intended submissions.

Finally, ex parte treatment is warranted because any delay in addressing the inadvertent public filing would unnecessarily prolong the availability of sensitive material and undermine the interests the Court routinely seeks to protect. Because the documents have already been properly re-filed and the Application is unopposed, proceeding ex parte promotes judicial efficiency and avoids needless motion practice.

## II. BACKGROUND

On December 24, 2025, counsel inadvertently filed Docket Entries 25 and 26 in an incorrect form. Those filings were the result of clerical error and were not intended to be filed publicly in that manner. The documents contain information that Defendants contend is privileged or confidential, and their continued presence on the public docket risks unnecessary disclosure.

Upon discovering the error, counsel acted promptly to correct the issue. The same materials were properly re-filed in corrected form as Docket Entries 27 and 28. The original filings therefore serve no substantive purpose, have been superseded, and should be stricken from the record.

### III.   GOOD CAUSE EXISTS TO STRIKE DOCKET ENTRIES 25 AND 26

Courts possess inherent authority to strike filings made in error and to protect potentially privileged material from inadvertent disclosure. Where a document has been incorrectly filed and promptly corrected, striking the erroneous entry is appropriate to preserve the integrity of the docket and avoid confusion.

Good cause exists to strike Docket Entries 25 and 26 because the filings were inadvertent, contain information that Defendants contend is privileged or confidential, and have been fully superseded by the properly filed documents at Docket Entries 27 and 28. The relief requested is narrow, procedural, and unopposed, and will not prejudice any party. Striking the erroneous entries will ensure that the docket accurately reflects the operative filings before the Court.

### IV.   THIS APPLICATION IS UNOPPOSED

The parties have conferred regarding the relief requested in this Application, and no party opposes the striking of Docket Entries 25 and 26 as requested herein.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this unopposed Ex Parte Application, strike Docket Entries 25 and 26.

ATABEK & CO.

Dated: December 26, 2025           By:   /s/ Jon A. Atabek

Jon A. Atabek, Esq.
Shirin Ehyaei, Esq.
Attorneys for Plaintiff
MATTHEW SYKEN



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



PROOF OF SERVICE