Jon A. Atabek, Esq. (SBN 269497)
  *(jatabek@atabekandco.com)*
Shirin Ehyaei, Esq. (SBN 356975)
  *(sehyaei@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone:  (949) 229-0953
Facsimile:   (213) 402-3413

Attorneys for Plaintiff
MATTHEW SYKEN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, AMROU ALMANASEER, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, and DOES 1-10 inclusive,<br><br>        Defendants. | Case No.: 2:25-CV-11622<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. BREACH OF CONTRACT;<br>2. BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING;<br>3. DISABILITY DISCRIMINATION IN VIOLATION OF FEHA (GOV. CODE § 12940(A))<br>4. HARASSMENT IN VIOLATION OF FEHA (GOV. CODE § 12940(J))<br>5. RETALIATION IN VIOLATION OF FEHA (GOV. CODE § 12940(H))<br>6. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION (GOV. CODE § 12940(K))<br>7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>8. RETALIATION IN VIOLATION OF LABOR CODE § 1102.5<br>9. FAILURE TO PAY WAGES (LAB. CODE §§ 201, 202, 204, 1194)<br>10. WAITING-TIME PENALTIES (LAB. CODE § 203)<br>11. FAILURE TO PROVIDE EXPENSE REIMBURSEMENTS (LAB. CODE § 2802)<br>12. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200. |

1

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1

2

3

13. CIVIL EXTORTION
14. DECLARATORY RELIEF
15. INJUNCTIVE RELIEF.

**JURY TRIAL DEMANDED**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19      **COMES NOW**, Plaintiff MATTHEW SYKEN ("Syken" or "Plaintiff"), by and through

20  his counsel of record, and hereby respectfully submit this First Amended Complaint[1] against

21  Defendants TOSH BERMAN ("Berman"), MICHAEL TANHA ("Tanha"), MAHDIAR

22  KARAMOOZ ("Karamooz"), , THE MADERA GROUP, LLC ("TMG"), TOCA MADERA

23  HOLDINGS, LLC ("TMH"); NOBLE 33 ENTERPRISES, LLC ("Noble 33"), AMROU

24  ALMANASEER ("ALMANASEER"), and DOES 1-10, inclusive (collectively, "Defendants"),

25  and allege as follows:

26

27

28

---

[1] Part of the purpose of this amendment is to remove all claims giving rise to federal questions. To the extent any claim arguable derives under federal law or federal question, Plaintiff expressly notes that such arguable or implied claim or right is not included as part of this First Amended Complaint.

2

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

## I.    NATURE OF THE ACTION

1.    ██████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████

2.    Plaintiff was, until recently, the President of TMG and contract general counsel for Noble 33. After Syken returned from medical leave caused by a recent blood cancer diagnosis, he ████████████████████████████████████. ████████████████████
████████████████████████████████████████████████████
████████████████████████. They did so, even though the Court's preliminary injunction order prohibited alterations to the company's preexisting and ongoing contracts.

3.    By this action, Syken seeks to recover from Counterclaim Defendants both for himself as an individual member, and on behalf of TMG. Syken also seeks his immediate reinstatement, in line with the Court's preliminary injunction order.

4.    Syken's employment agreement with TMG includes an arbitration provision. Syken has demanded Defendants participate in the selection of an arbitrator, but Defendants have failed to engage with Syken. Accordingly, Plaintiff files this action in the Superior Court, in part, to facilitate appropriate court orders, including an anticipated Motion to Compel Arbitration.

## II.    THE PARTIES

5.    Syken is, and at all relevant times herein was, an individual residing in Orange County, California. Plaintiff was the long-time President and General Counsel of The Madera Group, LLC. Plaintiff is also a founder of Noble 33 Enterprises, LLC and provided services pursuant to a joint services/consulting agreement to said company which the board of managers independently agreed to in 2021.

6.    Berman is an individual residing in Aspen, Colorado. Berman was, at all times relevant to this action, a member of the board of managers of both TMG and Noble 33. Berman

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1   is, and at all times relevant was, a financially responsible person for each of TMG/TMH and Noble

2   33 pursuant to Labor Code, § 558.1.

3       7.   Tanha is an individual residing in Miami Beach, Florida. Tanha was, at all times

4   relevant to this action, a member of the board of managers of both TMG and Noble 33. Tanha is,

5   and at all times relevant was, a financially responsible person for each of TMG/TMH and Noble

6   33 pursuant to Labor Code, § 558.1.

7       8.   Karamooz is an individual residing in Texas. Karamooz was, at all times relevant

8   to this action, the contract Chief Financial Officer ("CFO") of TMG/TMH and Noble 33.

9   Karamooz is, and at all times relevant was, a financially responsible person for each of TMG/TMH

10  and Noble 33 pursuant to Labor Code, § 558.1.

11      9.   Almanaseer is an individual residing in California. At all times relevant to this

12  action, Almanaseer exercised significant control over the operations, finances, and managerial

13  decision-making of TMG/TMH and Noble 33, including matters directly affecting Plaintiff's

14  wages and working conditions. Almanaseer is, and at all relevant times was, a financially

15  responsible person for each of TMG/TMH and Noble 33 pursuant to Labor Code § 558.1.TMG is

16  a Nevada limited liability company with its principal place of business in Plano, Texas.

17      10.  TMH is a Nevada limited liability company with its principal place of business in

18  Plano, Texas.

19      11.  Noble 33 is, and at all relevant times herein was, a Delaware limited liability

20  company with its principal place of business in Plano, Texas. Its subsidiaries were each formed in

21  Nevada, but share the same principal place of business.

22      12.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

23  DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.

24  Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants

25  when the same have been ascertained. Each of the fictitiously named Defendants is responsible in

26  some manner for the acts complained of herein. Unless otherwise stated, all references to named

27  Defendants shall include DOE Defendants as well. Plaintiff is informed and believes and thereon

28  alleges that at all times material herein each fictitiously named DOE Defendant was either the true



4

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1  Defendant or the agent, servant, employee, partner, joint venturer, or co-conspirator of each of the

2  other Defendants, and in doing the things alleged herein, was acting within the course and scope

3  of such relationship and with the permission, consent, and ratification of the other Defendants.

4  Named defendants and DOES 1 through 10 are referred to collectively as "Defendants."

5  **III.    JURISDICTION AND VENUE**

6         13.   Jurisdiction is proper in this Court because this action arises under California's Fair

7  Employment and Housing Act (Gov. Code § 12900 et seq.), the California Labor Code, and

8  common law. Defendants conduct substantial business operations in California, employed Plaintiff

9  in California, the unlawful employment practices occurred in California, and the amount in

10  controversy exceeds the jurisdictional minimum of this Court.

11        16. Venue is proper in this Court under Code of Civil Procedure section 395 because

12  Plaintiff resides in the County of Los Angeles, California, and the wrongful acts and omissions

13  alleged herein—including the discriminatory and retaliatory conduct, Plaintiff's suspension and

14  constructive termination, and the withholding of wages and benefits—occurred in the County of

15  Los Angeles, California. Defendants TMG, TMH, and Noble 33 conducted business in Los

16  Angeles County, and individual Defendants Berman and Tanha reside and transact business in Los

17  Angeles County.

18        17. Plaintiff timely exhausted administrative remedies with the California Civil Rights

19  Department (CRD). On September 25, 2025, CRD issued a Right-to-Sue Notice (CRD Matter No.

20  202509-31415225), which is attached hereto as **Exhibit 1** and incorporated herein by reference.

21  See Gov. Code § 12965(b).

22  **IV.    FACTUAL BACKGROUND**

23  **A. TMG, Breakwater, and Noble 33: Equity, Lending, Licensing, Management, and**

24  **Comp.**

25        18. TMG owned and currently owns the intellectual property rights of the national

26  restaurant brand Toca Madera and its affiliated brands. ***Noble 33 does not own it***.

27        19. Syken was the General Counsel/Chief Compliance Officer of TMG for the vast

28  majority of its existence and has as Executive Officer/President for nearly half-a-decade.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

20. In 2018, TMG sought to raise funds.

21. ███████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████

22. ██████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████████████

23. ██████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████████

24. ██████████████████████████████████████████
████████████████████████████████████

25. Berman and Tanha (along with Karamooz and Syken) formed Noble 33 in July 2021 to assume the role of operator as set forth in the Buyout Agreement. ██████████████████
███████████████████████████

26. Based on those representations, ██████████████████████████
█████████████████████████████████████████████████
██████████████████████████████████

27. ████ ██ ███████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████

███████████████████████

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████ The Licensing Agreement and Management Agreement are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

28. Syken also performed services for Noble 33 pursuant to a Consulting Agreement, sometimes referred to by the parties as the "Joint Services Agreement."

**B. The Breakwater Dispute.**

    29. ████████████████████████████████████████████████

    30. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████

    31. ████████████████████████████████████████████████

██████████████████████████████████

    32. ████████████████████████████████████████████████

████████████████

**C. Noble 33's Extensive Use of InKind.**

    33. ████████████████████████████████████████████████

████████████████████████████████████████

    34. ████████████████████████████████████████████████

████████████████████████████

    35. ████████████████████████████████████████████████

████████████████████[3]████████████████████████



---

[3] Syken served dual roles as President of TMG, and at times, General Counsel for both TMG and Noble 33. Syken does not include herein any communications that were part of any privileged communications, but rather only those communications arising solely from Syken's role as President and/or member of TMG/Noble 33. Any communications relating to legal advice given regarding the potential legality of any of the foregoing contracts or practices, whether between Syken and TMG/Noble 33, or including outside counsel, to the extent such communications exist, are not being included herein. Syken reserves the right to contend that such communications, to the extent they exist, may not be privileged in light of the potential application of the crime-fraud exception to the attorney-client privilege.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**



37. Unfortunately, around the same time, Syken became very ill. Syken suffers from a form of blood cancer and was hospitalized for several weeks after almost dying. Syken did not return to work until later in 2023.

38.

39.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

40. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████

41. █████████████████████████

**D. The Breakwater Litigation, Preliminary Injunction, and Noble 33's Decision to Use InKind to Siphon Money from TMG.**

42. ████████████████████████████████████████

██████████████.[4]

43. On August 3, 2023, TMG filed the instant lawsuit.

44. On November 22, 2023, the Court issued a Preliminary Injunction that, among other orders, prohibited TMG from "making any distributions to members, other than to pay taxes; . . . selling or encumbering any assets; entering into any material contracts; engaging in any transactions or making any payments to any of the company's current or former managers or unitholders or their affiliates other than in the ordinary course of business pursuant to previously agreed to and approved in preexisting and ongoing contracts."

45. ██████████████████████████

████████████████████████████████████████████ Syken was not brought in to review those newer contracts.

46. ██████████████████████████

████

47. ██████████████████████████

████████████████████████████████████████████
████████████████████████████

48. ██████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

---

[4] Breakwater disputes whether the entire sum was paid.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

49. █████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████

50. ████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████

**E.  Syken's Attempts to Seek Transparency.**

51. ████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████

52. ████████████████████████████████████████
████████████████████

53. ████████████████████████████████████████
██████████████████████████████████████████████
████████████████████

54. ████████████████████████████████████████
██████████████████████████████████████████████
██████████

55. ████████████████████████████████████████

56. Then, later in the summer of 2025, TMG failed to timely pay Syken's salary and
health insurance premiums. ██████████████████████
██████████████████████████████████

57. ██████████████████████████████████████████

58. ████████████████████████████████████████

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**



1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████

5    59. ████████████████████████████████████

6 ███████████████████████████████████████████

7 ███████████████████████████████████████████

8 ███████████████████████████████████████████

9 ███████████████████████████████████████████

10 █████████████████████████████████████

11    60. ████████████████████████████████████

12 ███████████████████████████████████████████

13 ███████████████████████████████████████████

14 ███████████████████████████████████████████

15 ████████████████████████

**F.  TMG's Discriminatory and Pretextual, Putative Termination of Syken and Issuance
   of an Improper Tax Form K-1 to Syken.**

61. On September 9, 2025, Noble 33 oversaw the VIP opening of the 1587 Prime
steakhouse restaurant in. Kansas City—a star-studded event, attended by celebrities such as Taylor
Swift, Travis Kelce, and Patrick Mahomes. Each of Syken, Tanha, Berman, and Karamooz were
also in attendance.

   62. █████████████████████████████████

████████████████████████████████████████.[5]

███████████████████████████████████████████

███████████████████████████████████████████

_____

[5] Syken has not been formally terminated from Toca Madera Holdings, LLC, a subsidiary of TMG
and the entity which paid his paycheck – but has not been paid ever since September 9, 2025; nor
was he provided any paperwork that one would receive in an actual termination.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**



63.

64.

65.

[6]

66. Notably, despite repeated requests, TMG/Tanha/Berman have refused to provide the alleged backup data for the putative "audit" relating to the allegations against Syken.

67. Adding insult to injury, TMG then issued a tax form K-1 to Syken purporting to add approximately $50,000 in uncategorized income to Syken seemingly derived[7] from the false

___

[6] 

[7] Syken is unsure whether the unaccounted for sum is, in fact, attributable to the disputed approximately $257,000 claimed by TMG, because, again, TMG refuses to provide any kind of accounting or backup documentation for the sums it is claiming, despite repeated demands made

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**



1  allegations against Syken that he improperly took money from the company, thereby exposing

2  Syken to tax liability for money and benefits that he never received.

3  ### FIRST CAUSE OF ACTION

4  **(Breach of Contract, by Syken against TMG, TMH, and Noble 33)**

5  68. Plaintiff hereby alleges and incorporates by reference each and every allegation set

6  forth above, as if fully set forth herein.

7  69. The employment agreements between Syken and TMG/TMH, and the Consulting

8  Agreement/Joint Services Agreement between Syken and Noble 33 on the other hand, each

9  constituted valid and enforceable agreements (even if the Consulting Agreement/Joint Services

10  Agreement with Noble 33 misclassified Syken as an independent contractor) (collectively, the

11  "Contracts"). Syken was also an intended third party beneficiary of obligations owed by Noble 33

12  to TMG relating to the reimbursement of business related expenses.

13  70. Syken performed all obligations owed by him under the terms of the contracts,

14  except to the extent any such obligations were not yet due or excused.

15  71. Pursuant to the Contracts, Defendants TMG/TMH and Noble 33 were obligated to,

16  among other things, employ Plaintiff as President/General Counsel, pay him salary, and

17  distributions, reimburse business expenses (both to Syken and TMG), and maintain his rights and

18  protections under the agreements and applicable law.

19  72. As noted above, Defendants breached the Contracts by, among other things, ███

20  ███████████████████████████, wrongfully terminating Syken for

21  discriminatory and retaliatory reasons and failing and refusing to pay sums owed under the terms

22  of those Contracts, suspending Syken from his work at Noble 33, admittedly without cause, and

23  cutting off his access to systems, employees, and records, thereby interfering with his ability to

24  fulfill his role. Defendants also breached the terms of the Contracts on numerous occasions in the

25  past by "bouncing" payments to Syken and thereby failing to timely pay Syken's salary. ███

26  ███████████████████████████████████

27

28  by Syken. Notably, Syken has made these demands both in his capacity as a former employee being accused of misconduct, and in his capacity as a member of the LLC, to no avail.

13

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1 ████████████████████████████████████ But the net result was

2 always untimely pay when it happened.

3       73. Syken was directly and proximately harmed by the foregoing breaches in an amount

4 according to proof at trial.

**<u>SECOND CAUSE OF ACTION</u>**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing by Plaintiff against TMG and TMH)**

8       74. Plaintiff hereby alleges and incorporates by reference each and every allegation set

9 forth above, as if fully set forth herein.

10       75. Under California law, every employment and service contract includes an implied

11 covenant of good faith and fair dealing, which obligates the parties to act fairly, honestly, and in

12 good faith so as not to deprive the other of the benefits of the agreement. Those duties are implied

13 into the Contracts at issue in this action.

14       76. Defendants breached this implied covenant by engaging in conduct that unfairly

15 frustrated Plaintiff's contractual rights, including: (a) fabricating a pretextual "audit" and

16 demanding $257,000 in alleged expenses; (b) issuing an unauthorized and invalid "Notice of

17 Termination" in violation of both the governing Operating Agreement and a Nevada court order;

18 (c) freezing Plaintiff out of company systems and communications; (d) failing to pay salary, and

19 reimbursements due;; and (e) suspending Plaintiff from his work at Noble 33.

20       77. Defendants' actions rendered Plaintiff's continued performance under the contracts

21 impossible and deprived him of the compensation, authority, and protections promised under the

22 Employment Agreement and related agreements.

23       78. As a direct and proximate result of Defendants' breaches of the implied covenant,

24 Plaintiff has suffered damages, including loss of salary, equity value, and future earnings, in an

25 amount subject to proof at trial.

26

27 / / /

28 / / /



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

## **THIRD CAUSE OF ACTION**

**(Disability Discrimination (Gov. Code § 12940(a)) by Plaintiff against Berman, Tanha,**

**Almanaseer, TMG, TMH, Noble 33)**

79. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

80. Plaintiff suffers from serious medical conditions, including blood cancer and an autoimmune disease, which qualify as disabilities under the Fair Employment and Housing Act ("FEHA"), Gov. Code § 12900 et seq.

81. At all relevant times, Defendants TMG, TMH, and Noble 33 were "employers" within the meaning of FEHA.

82. Plaintiff was an "employee" of each of TMG, TMG, and Noble 33 within the meaning of FEHA, protected from discrimination under FEHA.

83. To the extent the Joint Services Agreement posits Syken was anything other than an employee, that agreement has willfully misclassified Syken. Indeed, Syken's role within the company as a founder and key executive were well established.

84. Defendants knew or should have known of Plaintiff's disabilities and serious medical conditions. Plaintiff disclosed his diagnosis to Berman and Tanha in Fall 2024, and Defendants acknowledged his treatment and the need for related accommodations.

85. Plaintiff was at all times qualified for his position as President/Managing Member of TMG and TMH and as a service provider under the Joint Services Agreement with Noble 33. Plaintiff performed his job satisfactorily at all times.

86. Despite his qualifications and successful performance, Defendants subjected Plaintiff to adverse employment actions because of his disability and/or medical condition, including but not limited to:

    a. ███████████████████████████████████████████████
████████████████████;

    b. ███████████████████████████████████████████████;

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**



c. Isolating him from reporting structures, including withholding financial information for over six months;

d. Fabricating a $257,000 "audit" dispute as a pretext for his removal;

e. Issuing an unauthorized "Notice of Termination" in September 2025;

f. Falsely attributing approximately $50,000 in income to Plaintiff on a form K-1;

g. Falsely accusing Plaintiff of misappropriating travel funds for Plaintiff's wife and caregiver, which use of funds were authorized by TMG;

h. Cutting off his email and access to company records; and

i. Withholding salary

87. The above adverse actions were motivated substantially by Plaintiff's medical condition and disabilities.

88. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered substantial harm, in an amount to be proven at trial.

89. Defendants' discriminatory acts were carried out willfully, maliciously, fraudulently, and oppressively, in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive and exemplary damages pursuant to Gov. Code § 12965(b) and Cal. Civ. Code § 3294.

### FOURTH CAUSE OF ACTION

**(Harassment (Gov. Code § 12940(j)) by Plaintiff vs. Berman, Tanha, TMG, TMH, Noble 33)**

90. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

91. Plaintiff is an individual with disabilities, including blood cancer and an autoimmune disease, which qualify as protected conditions under FEHA. Defendants Berman and Tanha were aware of Plaintiff's conditions, as he disclosed his cancer diagnosis to them in or about Fall 2024.

92. Because of Plaintiff's disabilities and his need for medical treatment, Berman and Tanha subjected him to severe and pervasive harassment that unreasonably interfered with his work environment and created an intimidating, hostile, and offensive atmosphere.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

93. Such harassment included, but was not limited to:

    a. ██████████████████████████████████████
██████████████████████████████████████

    b. ██████████████████████████████████████
██████████████████████████████████████

    c. Refusing to speak to Plaintiff for extended periods ████████
███████████████████████, thereby isolating him from the executive team;

    d. Falsely attributing approximately $50,000 in income to Plaintiff on a form K-1;

    e. Falsely accusing Plaintiff of misappropriating travel funds for Plaintiff's wife and caregiver, which use of funds were authorized by TMG;

    f. Publicly marginalizing Plaintiff in front of other executives by undermining his authority, withholding financial information for more than six months, and excluding him from reporting chains;

    g. Cutting off his email and access to systems while falsely telling employees and third parties that he was terminated; and

    h. Leveraging Plaintiff's vulnerable medical condition by threatening his livelihood and health benefits at a time when he required life-sustaining treatment.

94. The harassment was committed by Berman and Tanha, both of whom were high-level managers, owners, and controlling members of TMG, TMH, and Noble 33. Their conduct is therefore imputed to the entity Defendants under the doctrine of *respondeat superior*.

95. Defendants failed to take all reasonable steps to prevent or remedy this harassment, despite having notice of Plaintiff's medical condition and repeated objections to Defendants' conduct.

96. As a direct and proximate result of the harassment, Plaintiff suffered damages according to proof at trial.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

97. The above-described actions were undertaken with malice, oppression, and fraud, and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff seeks an award of punitive and exemplary damages pursuant to Gov. Code § 12965(b) and Cal. Civ. Code § 3294.

### FIFTH CAUSE OF ACTION

### (Retaliation (Gov. Code § 12940(h)) by Plaintiff vs Tanha, Berman, Almanaseer, TMG, TMH, Noble 33)

98.   Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

99.   The FEHA makes it unlawful for an employer to retaliate against an employee for opposing any practices forbidden under Cal. Gov't. Code §§ 12900–12966 or because the employee has filed a complaint, testified, or assisted in any proceeding under FEHA. (Cal. Gov't Code § 12940(h).) At all times relevant to this Complaint, § 12940(h) was in effect and applied to Defendants, each of which employs more than five persons. (Cal. Gov't Code § 12926(d).)

100. Plaintiff engaged in legally protected activity on multiple occasions, including but not limited to: (a) ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████ ██████ ████ █ ██████ ████ ████ ████ ██████ ████ ████████████████████████ (d) complaining of discrimination, harassment, and retaliation after disclosing his cancer diagnosis.

101. Plaintiff is informed and believes, and based thereon alleges, that as a consequence of engaging in such legally protected activity, Defendants retaliated against him by, among other things: (a) subjecting him to escalating hostility and marginalization; (b) excluding him from financial reporting and company operations; (c) falsely accusing him of misappropriation of funds; (d) threatening his law license and professional reputation; (e) withholding wages; (f) falsely attributing approximately $50,000 to Plaintiff's K-1; and (g) pretextually terminating his employment in violation of a Nevada court order.

102. Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse employment actions.

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

103. Defendants' retaliatory conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount according to proof at trial.

104. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at trial, recoverable pursuant to Gov't Code § 12965(b).

105. The above-described retaliatory actions were perpetrated and/or ratified by managing agents, officers, or directors of Defendants. These acts were done maliciously, fraudulently, and oppressively, and in reckless disregard of Plaintiff's rights. Such conduct was deliberate, intentional, despicable in character, and warrants the imposition of punitive and exemplary damages pursuant to Cal. Civ. Code § 3294, in an amount sufficient to punish and deter Defendants' future misconduct.

## SIXTH CAUSE OF ACTION

**(Failure to Prevent Discrimination, Harassment, and Retaliation (Gov. Code § 12940(k)) by Plaintiff Against Berman, Tanha, Almanaseer, TMG, TMH, and Noble 33)**

106. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

107. Under the Fair Employment and Housing Act ("FEHA"), Defendants TMG, TMH, and Noble 33 were required to take all reasonable steps to prevent discrimination, harassment, and retaliation from occurring, as set forth in Gov. Code §§ 12940 et seq.

108. As explained herein, Plaintiff was subjected to discrimination, harassment, and retaliation in the course of his employment, including but not limited to: (a) being marginalized and disparaged following his cancer diagnosis; (b) being falsely accused of financial misconduct; (c) being denied access to financial information and company systems; (d) being denied wages;and (e) being pretextually terminated in violation of a Nevada court order.

109. Despite knowing of Plaintiff's disability and his ████████████ ████████████, Defendants failed to take reasonable steps to prevent unlawful discrimination, harassment, and retaliation, including failing to investigate his complaints, failing to stop retaliatory acts by Berman and Tanha, and failing to correct or remediate the unlawful



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1  conduct.

2      110. As a direct and proximate result of Defendants' failure to prevent discrimination,

3  harassment, and retaliation, Plaintiff has suffered and continues to suffer damages in an amount

4  according to proof at the time of trial.

5      111. Plaintiff has also incurred, and will continue to incur, attorneys' fees and litigation

6  expenses in an amount according to proof at trial, which are recoverable pursuant to Gov. Code §

7  12965(b).

8      112. The above-described actions and failures to act were perpetrated, ratified, or

9  condoned by managing agents, officers, or directors of Defendants. These acts were undertaken

10  maliciously, fraudulently, oppressively, and in reckless disregard of Plaintiff's rights, including

11  the assertion of false, pretextual grounds for his termination and the refusal to pay him wages

12  owed. Such acts warrant the imposition of punitive and exemplary damages pursuant to Cal. Civ.

13  Code § 3294, in an amount sufficient to punish and deter Defendants from engaging in such

14  conduct in the future.

15  **SEVENTH CAUSE OF ACTION**

16  **(Wrongful Termination by Plaintiff Against Berman, Tanha, Almanaseer, TMG, TMH, and**

17  **Noble 33)**

18      113. Plaintiff hereby alleges and incorporates by reference each and every allegation set

19  forth above, as if fully set forth herein.

20      114. Plaintiff was employed by TMG and TMH as President pursuant to his

21  Employment Agreement and also provided services to Noble 33 pursuant to the Joint Services

22  Agreement. At all relevant times, Plaintiff performed his job duties competently, faithfully, and in

23  furtherance of the Companies' interests.

24      115. Plaintiff engaged in protected activity by objecting to and ▓▓▓▓▓

25  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ .

28      116. Plaintiff also engaged in protected activity by disclosing and objecting to ▓▓▓


20
**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ████████████████████████ .

4      117. Additionally, following his cancer diagnosis in Fall 2024, Plaintiff requested

5 continued protections, benefits, and fair treatment in light of his medical condition, activity that is

6 protected under FEHA and California public policy.

7      118. Defendants, acting through Berman and Tanha, retaliated against Plaintiff for these

8 protected activities by fabricating an expense "audit," manufacturing a pretext for his termination,

9 cutting off his access to company systems, withholding wages, , and publicly communicating that

10 he had been terminated.

11      119. Plaintiff's termination and freeze-out were substantially motivated by his protected

12 complaints and medical condition.

13      120. As a direct and proximate result of Defendants' wrongful termination, Plaintiff has

14 suffered substantial damages according to proof at trial.

15      121. Defendants' conduct was fraudulent, oppressive, malicious, and carried out with

16 willful and conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive and

17 exemplary damages pursuant to Cal. Civ. Code § 3294.

### EIGHTH CAUSE OF ACTION

**(Whistleblower Retaliation (Labor Code § 1102.5), by Plaintiff Against TMG, TMH, and Noble 33)**

21      122. Plaintiff hereby alleges and incorporates by reference each and every allegation set

22 forth above, as if fully set forth herein.

23      123. Labor Code § 1102.5 prohibits an employer or person acting on its behalf from

24 retaliating against an employee for disclosing information to a government or law enforcement

25 agency, or to a person with authority over the employee, when the employee reasonably believes

26 the information discloses a legal violation.

27      124. Plaintiff made internal disclosures and objections to Berman and Tanha, ███████

28 ██████████████████████████████████████████████████████ ,

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████.

125. Plaintiff had reasonable cause to believe the disclosed information evidenced violations of state and federal statutes, rules, or regulations.

126. Defendants retaliated against Plaintiff for these protected disclosures by escalating hostility, restricting access to information, falsely accusing Plaintiff of impropriety, withholding wages, threatening his reputation, and terminating him.

127. Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse actions.

128. As a direct and proximate result, Plaintiff suffered lost wages, equity value, career opportunities, and other economic damages according to proof at trial.

129. Plaintiff also suffered general damages, including emotional distress and reputational harm, according to proof.

130. Plaintiff is entitled to attorneys' fees and costs under Labor Code § 1102.5(j).

131. Defendants' acts were malicious, fraudulent, and oppressive, warranting punitive damages under Civil Code § 3294.

### NINTH CAUSE OF ACTION

**(Failure to Pay Wages (Lab. Code §§ 201, 202, 204, 1194), by Plaintiff Against TMG and TMH; and Against Berman, Tanha, and Karamooz, and Almanaseer Under Lab. Code § 558.1 92)**

132. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

133. Labor Code §§ 201, 202, and 204 required Defendants to timely pay all wages due; § 203 imposes waiting-time penalties for willful failure to pay all wages due at separation; § 1194 authorizes recovery of unpaid wages, interest, and attorneys' fees.

134. Plaintiff was an employee of TMG and TMH covered by these provisions.

135. Defendants knowingly and willfully failed to pay all earned wages, including



22

salary, accrued PTO, and reimbursable amounts due under the parties' agreements and California law.

136. Following Plaintiff's pretextual termination, Defendants failed to tender all wages due and failed to continue salary as required. This is particularly true to the extent Plaintiff was only putatively terminated from TMG and never terminated from TMH, but was in fact receiving his salary through TMH at the time of his termination.

137. As a proximate result, Plaintiff suffered damages including unpaid wages, penalties, interest, attorneys' fees, and costs of suit, according to proof at trial.

138. Defendants' violations were willful.

139. Plaintiff is entitled to unpaid compensation, penalties, interest, and relief under Labor Code §§ 218.5, 225.5, 226, 558, and 1194.

140. The foregoing acts were perpetrated and/or ratified by managing agents, officers, or directors of Defendants.

141. Berman, Tanha, and Karamooz exercised control over reimbursement decisions and are personally liable under Labor Code § 558.1.

142. California Labor Code §§ 201 and 202 require employers to pay all compensation due and owing to an employee at or around the time the employment is terminated. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, the employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

## TENTH CAUSE OF ACTION

**(Waiting-Time Penalties (Lab. Code § 203), by Plaintiff Against TMG and TMH; and Against Berman, Tanha, and Karamooz, and Almanaseer Under Lab. Code § 558.1)**

143. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

144. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

145. Labor Code §§ 201 and 202 required payment of all earned and unpaid wages

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1    immediately upon discharge or within 72 hours of resignation; § 203 imposes waiting-time

2    penalties for willful nonpayment.

3          146. Plaintiff's employment was unlawfully and pretextually terminated on or about

4    September 9, 2025, at which time unpaid wages remained due.

5          147. Despite demand, Defendants willfully failed to pay all final wages due, including

6    salary, and accrued PTO.

7          148. Defendants' failure was knowing and deliberate.

8          149. Plaintiff is entitled to waiting-time penalties under § 203, in addition to wage loss,

9    interest, and attorneys' fees.

10          150. The foregoing acts and omissions were perpetrated and/or ratified by Berman and

11    Tanha as managing agents of TMG and TMH.

12          151. Berman, Tanha, and Karamooz exercised control over reimbursement decisions

13    and are personally liable under Labor Code § 558.1.

14                         **ELEVENTH CAUSE OF ACTION**

15    **(Failure to Reimburse Expenses (Lab. Code § 2802), by Plaintiff Against TMG and TMH;**

16       **and Against Berman, Tanha, and Karamooz, and Almanaseer Under Lab. Code § 558.1)**

17          152. Plaintiff hereby alleges and incorporates by reference each and every allegation set

18    forth above, as if fully set forth herein.

19          153. Labor Code § 2802 requires employers to indemnify employees for all necessary

20    expenditures or losses incurred as a direct consequence of their duties or in obedience to the

21    employer's directions.

22          154. During employment, Plaintiff incurred necessary business expenses for TMG and

23    TMH, including travel/lodging for operations and compliance, competitor research at Defendants'

24    direction, and joint-services activities benefiting both TMG and Noble 33.

25          155. Despite demand, Defendants failed and refused to reimburse these necessary and

26    reasonable expenses.

27          156. As a direct and proximate result, Plaintiff suffered damages including

28    unreimbursed expenses, interest, and consequential losses, according to proof.



157. Berman, Tanha, and Karamooz exercised control over reimbursement decisions and are personally liable under Labor Code § 558.1.

158. Defendants acted knowingly and in conscious disregard of Plaintiff's rights; Plaintiff is entitled to compensatory damages, interest, attorneys' fees, costs, and punitive damages pursuant to Civil Code § 3294.

### TWELFTH CAUSE OF ACTION

### (Unfair Competition (Bus. & Prof. Code § 17200 et seq.), by Plaintiff Against TMG, TMH, and Noble 33)

159. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

160. The Unfair Competition Law prohibits unlawful, unfair, or fraudulent business acts.

161. Defendants engaged in unlawful, unfair, and fraudulent practices, including: (a) violating FEHA by discriminating and retaliating against Plaintiff; (b) violating Labor Code §§ 201, 202, 203, 204, 2802, and 1102.5; (c) misusing company assets while withholding money owed to Plaintiff, including $90,000 in investment funds; and (d) pretextually freezing Plaintiff out to deprive him of earned compensation and diminish his ownership value.

162. Each act constitutes a separate UCL violation and reflects a consistent course of unlawful and unfair conduct.

163. As a direct and proximate result, Plaintiff lost money or property within the meaning of § 17204, including unpaid wages, reimbursements, and investment funds.

164. Plaintiff seeks restitution and disgorgement of all money wrongfully obtained or withheld, with interest. Plaintiff also seeks injunctive relief under § 17203 enjoining further unlawful, unfair, and fraudulent practices.

### THIRTEENTH CAUSE OF ACTION

### (Civil Extortion, by Plaintiff Against Berman and TMG)

165. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

166. Uunder California law, extortion occurs when a defendant makes a wrongful threat



25

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

to obtain money or property to which the defendant has no lawful claim.

167. Berman and TMG wrongfully attempted to coerce Plaintiff into paying approximately $257,000 in purported "improper" charges by threatening, among other things, harm to Plaintiff's law license and issuing demands based on a fabricated audit figure Berman later admitted was materially inaccurate.

168. These threats were made to pressure Plaintiff to surrender funds Defendants knew were reimbursable business expenses or obligations of Noble 33, not Plaintiff personally, and to pressure an unfair and undervalued buyout of Plaintiff's membership units in TMG and Noble 33.

169. Plaintiff reasonably understood these threats as extortionate, made under color of authority and influence.

170. As a direct and proximate result, Plaintiff suffered financial losses, emotional distress, reputational harm, and legal expenses, in amounts according to proof.

171. Defendants acted maliciously, fraudulently, and oppressively, warranting punitive damages under Civil Code § 3294.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief (Code Civ. Proc. § 1060) By Plaintiff Against All Defendants as Appropriate)

172. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth above, as if fully set forth herein.

173. An actual controversy exists concerning, without limitation: (a) the validity and effect of Plaintiff's purported termination; (b) Plaintiff's rights and obligations regarding repayment of expenses claimed by TMG; and (c) his rights to wages, and reimbursements,

174. A judicial declaration is necessary and proper to resolve these disputes and to guide the parties' future conduct.

175. Plaintiff seeks declarations consistent with the foregoing allegations and applicable law.

/ / /



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

1

**FIFTEENTH CAUSE OF ACTION**

2

**(Injunctive Relief, by Plaintiff Against all Defendants as Appropriate)**

3    176. Plaintiff hereby alleges and incorporates by reference each and every allegation set

4    forth above, as if fully set forth herein.

5    177. Legal remedies are inadequate, and Plaintiff will suffer irreparable harm absent

6    injunctive relief.

7    178.    Plaintiff seeks preliminary and permanent injunctions: (a) enjoining

8    retaliation and defamation; (b) compelling payment of wages, and reimbursements; and (c)

9    prohibiting modification of material contracts in violation of the Breakwater preliminary injunction

10    order.

11    179.    The balance of hardships and public interest favor injunctive relief to prevent

12    ongoing statutory violations and preserve the status quo.

13

**PRAYER FOR RELIEF**

14    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

15    **On the First Cause of Action (Breach of Contract)**

16      1.  For general and special damages, including unpaid compensation, , and equity value,

17          according to proof at trial;

18      2.  For consequential damages resulting from Defendants' breach;

19      3.  For prejudgment interest pursuant to Civil Code § 3287; and

20      4.  For costs of suit.

21      5.  For general and special damages according to proof at trial;

22    **On the Second Cause of Action (Breach of the Implied Duty of Good Faith and Fair Dealing)**

23      1.  For general and special damages according to proof at trial;

24      2.  For consequential damages for loss of income, and opportunities;

25      3.  For prejudgment interest as allowed by law; and

26      4.  For costs of suit.

27

28    / / /



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

**On the Third Cause of Action (Disability Discrimination in Violation of Feha (Gov. Code § 12940(A))**

1. For economic damages including lost wages, and salary according to proof;

2. For non-economic damages including emotional distress, humiliation, and mental anguish according to proof;

3. For punitive damages pursuant to Civil Code § 3294; and

4. For attorneys' fees and costs pursuant to Government Code § 12965(b).

**On the Fourth Cause of Action (Harassment in Violation of Feha (Gov. Code § 12940(J))**

1. For general and special damages including emotional distress and loss of professional reputation according to proof;

2. For punitive damages pursuant to Civil Code § 3294; and

3. For attorneys' fees and costs pursuant to Government Code § 12965(b).

**On the Fifth Cause of Action (Retaliation in Violation of FEHA (Gov. Code § 12940(h)))**

1. For economic damages including lost wages, and bonuses according to proof;

2. For emotional distress and reputational harm according to proof;

3. For punitive damages pursuant to Civil Code § 3294; and

4. For attorneys' fees and costs under Government Code § 12965(b).

**On the Sixth Cause of Action (Failure to Prevent Discrimination, Harassment, and Retaliation (Gov. Code § 12940(k)))**

1. For compensatory damages including lost earnings and emotional distress according to proof;

2. For injunctive relief requiring Defendants to adopt and enforce lawful anti-discrimination and anti-retaliation policies; and

3. For attorneys' fees and costs pursuant to Government Code § 12965(b).

**On the Seventh Cause of Action (Wrongful Termination in Violation of Public Policy)**

1. For damages for lost wages, and salary including front pay and back pay, according to proof;

2. For general and emotional distress damages according to proof;



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

3.   For punitive damages according to proof;

4.   For prejudgment interest as permitted by law.

**On the Eighth Cause of Action (Retaliation in Violation of Labor Code § 1102.5)**

1.   For lost wages and future earnings according to proof;

2.   For emotional distress damages according to proof;

3.   For punitive damages pursuant to Civil Code § 3294; and

4.   For reasonable attorneys' fees and costs pursuant to Labor Code § 1102.5(j).

**On the Ninth Cause of Action (Failure to Pay Wages (Lab. Code §§ 201, 202, 204, 1194))**

1.   For all unpaid wages, salary, and other compensation according to proof;

2.   For statutory penalties, interest, and liquidated damages as provided by law; and

3.   For reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

**On the Tenth Cause of Action (Waiting-Time Penalties (Lab. Code § 203))**

1.   For statutory waiting-time penalties in an amount according to proof;

2.   For attorney's fees and costs pursuant to statute.

**On the Eleventh Cause of Action (Failure to Provide Expense Reimbursements (Lab. Code § 2802))**

1.   For reimbursement of all necessary business expenses in an amount according to proof;

2.   For interest thereon as provided by law; and

3.   For attorneys' fees and costs pursuant to Labor Code § 2802(c).

**On the Twelfth Cause of Action (Violation of Business & Professions Code § 17200 et seq.)**

1.   For restitution and disgorgement of wages and funds wrongfully withheld;

2.   For injunctive relief enjoining Defendants from continuing unlawful and unfair business practices; and

3.   For attorneys' fees and costs as permitted by law.

**On the Thirteenth Cause of Action (Civil Extortion)**

1.   For general and special damages, including economic and emotional distress damages, according to proof; and

2.   For punitive damages pursuant to Civil Code § 3294.



**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

**On the Fourteenth Cause of Action (Declaratory Relief)**

1. For a judicial declaration of Plaintiff's rights regarding his employment status, compensation, and contractual entitlements; and

2. For such other and further declaratory relief as the Court deems just and proper.

**On the Fifteenth Cause of Action (Injunctive Relief)**

1. For preliminary and permanent injunctions requiring Defendants to:

   a. Cease and desist from discrimination, retaliation, and defamation;

   c. Pay all wages and reimbursements owed; and

   d. Comply with applicable California and federal labor and employment laws.For general damages for harm to reputation and standing in the community;

1. For Plaintiff's reasonable attorneys' fees and costs as permitted by law, to the extent such fees are available;

2. For prejudgment and post-judgment interest as permitted by law;

3. For any further relief the Court deems just and proper.

Respectfully Submitted,

**ATABEK & CO.**

Dated: December 15, 2025                    By:  _/s/ Jon A. Atabek_____

Jon A. Atabek, Esq.
Shirin Ehyaei, Esq.

Attorneys for Plaintiff
MATTHEW SYKEN

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**



## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims triable to a jury.


**ATABEK & CO.**

Dated: December 15, 2025                    By: _/s/ Jon A. Atabek_

                                            Jon A. Atabek, Esq.
                                            Shirin Ehyaei, Esq.

                                            Attorneys for Plaintiff
                                            MATTHEW SYKEN



31

**CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**