1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2     R. Brian Timmons (Bar No. 155916)
      briantimmons@quinnemanuel.com
3     B. Dylan Proctor (Bar No. 219354)
      dylanproctor@quinnemanuel.com
4   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
5   Telephone:  (213) 443-3000

    SPERTUS, JOSEPHS & MINNICK, LLP
      Kevin J. Minnick (SBN 269620)
      kminnick@spertuslaw.com
      Samuel A. Josephs (SBN 284035)
      sjosephs@spertuslaw.com
    617 West 7th Street, Suite 200
    Los Angeles, California 90017
    Telephone:  (213) 205-6520

6   *Attorneys for Defendants and
    Counterclaim Plaintiffs The Madera*
7   *Group, LLC, Toca Madera Holdings, LLC,*
    *Noble 33 Management, LLC and*
8   *Defendants Tosh Berman, Michael Tanha,*
    *Mahdiar Karamooz, Noble 33 Enterprises,*
9   *LLC. and Noble 33 Holdings. LLC*

10

11          UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13   MATTHEW SYKEN                     | Case No. 2:25-cv-11622-MCS-MBK

14            Plaintiff,               | **DEFENDANTS' RENEWED
                                       | APPLICATION TO PARTIALLY
15       vs.                           | SEAL CERTAIN DOCUMENTS**

16   TOSH BERMAN, MICHAEL TANHA,       | Trial Date:        None Set
     MAHDIAR KARAMOOZ, THE
17   MADERA GROUP, LLC, TOCA
     MADERA HOLDINGS, LLC, NOBLE
18   33 ENTERPRISES, LLC, NOBLE 33
     MANAGEMENT, LLC, NOBLE 33
19   HOLDINGS, LLC, and DOES 1-10
     inclusive,

20            Defendants.

21   THE MADERA GROUP, LLC, TOCA
     MADERA HOLDINGS, LLC, and
22   NOBLE 33 MANAGEMENT, LLC,

23            Counterclaim Plaintiffs,

24       vs.

25   MATTHEW SYKEN, JON ATABEK,
     and ATABEK & CO.,

26            Counterclaim Defendants.

27

28

1

## <u>TABLE OF CONTENTS</u>

2  TABLE OF AUTHORITIES.....................................................................................iii

3  INTRODUCTION .......................................................................................................1

4  LEGAL STANDARDS ...............................................................................................2

5      I.    Sealing Judicial Records ...............................................................................2

6      II.   Attorney-Client Privilege and Confidentiality.......................................3

7  ARGUMENT ...............................................................................................................5

8      I.    The State Court Complaint ...........................................................................5

9            a.    The State Court Complaint Contains Privileged Communications ..................................................................................5

10

11            b.    The State Court Complaint Contains Confidential Client Information ....................................................................................7

12            c.    The State Court Complaint Contains Trade Secrets and Contractually Protected Business Information .....................7

13

14            d.    Principles of Comity Support at Least Partial Sealing ...............9

15      II.   The Answer ...................................................................................................9

16      III.  The Minnick Declaration ...........................................................................10

17  CONCLUSION..........................................................................................................10

18

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   727 F.3d 1214 (Fed. Cir. 2013) ..............................................................3

6

7

*Barnard v. State of Hawai'i*,
   No. 05-cv-599, 2007 WL 954303 (D. Haw. Mar. 27, 2007)...............................9

8

9

*Brady v. Delta Energy & Commc'ns, Inc.*,
   No. 5:21-cv-1843-FWS-SHK, 2024 WL 4869170
   (C.D. Cal. Feb. 15, 2024) .....................................................................8

10

11

*Capitol Specialty Ins. Corp. v. GEICO Gen. Ins. Co.*,
   No. 20-cv-672-RSWL-Ex, 2021 WL 7708485
   (C.D. Cal. May 20, 2021) .................................................................3, 6

12

13

*Coley v. Carter*,
   No. 2:25-cv-4216-SPG-MARx, 2025 U.S. Dist. LEXIS 210250
   (C.D. Cal. Oct. 24, 2025)......................................................................9

14

15

*Costco Wholesale Corp. v. Super. Ct.*,
   47 Cal. 4th 725 (Cal. 2009) ...................................................................4

16

17

*Cripps v. Life Ins. Co. of N. Am.*,
   980 F.2d 1261 (9th Cir. 1992) ...............................................................1

18

19

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016) ...........................................................2, 8

20

21

*Dietz v. Meisenheimer & Herron*,
   177 Cal. App. 4th 771 (Cal. Ct. App. 2009)...........................................4

22

23

*In re Elec. Arts Inc.*,
   298 Fed. App'x. 568 (9th Cir. 2008) ..................................................3, 7

24

25

*Gen. Dynamics Corp. v. Super. Ct.*,
   7 Cal. 4th 1164 (Cal. 1994) ............................................................4, 5

26

27

*Gomez v. Shinn*,
   No. 21-cv-1529-PHX-MTL, 2022 WL 4535415
   (D. Ariz. Sept. 27, 2022) ....................................................................9

28

*Gopinath v. Somalogic, Inc.*,
  No. 23-cv-1164-W-WVG, 2023 WL 12055645
  (S.D. Cal. July 18, 2023) ............................................................. 3

*Jaffee v. Redmond*,
  518 U.S. 1 (1996) .......................................................................... 4

*Kamakana v. City & Cty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .............................................. 2, 3, 7

*Michaels v. Davis*,
  51 F.4th 904 (9th Cir. 2022) ..................................................... 4, 7

*Oliner v. Kontrabecki*,
  745 F.3d 1024 (9th Cir. 2014) ...................................................... 1

*Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*,
  No. 22-cv-6491-JFW-SKx, 2022 WL 18717593
  (C.D. Cal. Oct. 19, 2022) .............................................................. 3

*Sea-Land Serv., Inc. v. Lozen Int'l, LLC*,
  285 F.3d 808 (9th Cir. 2002) ........................................................ 1

*Toliver v. Las Vegas Metro. Police Officers*,
  No. 2:17-cv-2612, 2021 WL 1080739 (D. Nev. Mar. 17, 2021) ......... 9

*Turner v. Porsche Cars N. Am., Inc.*,
  No. 23-cv-06465-MWF-MAAx, 2025 WL 1723149
  (C.D. Cal. May 9, 2025) ................................................................ 8

*United States v. Zolin*,
  491 U.S. 554 (1989) ................................................................... 3, 4

*Wong v. Bacon*,
  445 F. Supp. 1177 (N.D. Cal. 1977) ............................................. 1

*Zhuhai Dingfu Phase I Indus. Energy Conservation Inv. Fund, LP
  v. Zhang*, No. 8:23-cv-02059-MRA-JDE, 2025 WL 2093411
  (C.D. Cal. July 16, 2025) .............................................................. 8

**Statutes**

28 U.S.C. § 1367 ............................................................................. 1

Cal. Bus. & Prof. Code § 6068 .................................................... 4, 7

Cal. Evid. Code § 952.....................................................................................................5

**Other Authorities**

Wright & Miller, *Compulsory Counterclaims-Subject-Matter Jurisdiction over Rule 13(a) Counterclaims*, 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed. 2025) ....................................................1

Cal. R. Prof. Conduct 1.6...........................................................................................4, 5

Cal. R. Prof. Conduct 1.13.............................................................................................4

Fed. R. Evid. 501.............................................................................................................3

# **INTRODUCTION**

Following the Court's December 19, 2025, Order, Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Enterprises, LLC, Noble 33 Management, LLC, and Noble 33 Holdings, LLC (together, "Defendants"), respectfully renew their request to file under seal (a) certain portions of Plaintiff's state court Complaint, which was attached to Defendants' Notice of Removal; (b) the corresponding portions of Defendants' Answer to that Complaint; and (c) the declaration of Kevin J. Minnick filed in support of this Application.[1]

There are compelling reasons to seal portions of Plaintiff's state court Complaint and the corresponding information found in the Answer and Minnick Declaration. Plaintiff previously served as general counsel to both Noble 33 and the Madera Group before he was terminated for embezzling. As an in-house lawyer, he

---

[1] On December 26, 2025, Plaintiff filed an amended complaint, expressly stating "the purpose of this amendment is to remove all claims giving rise to federal questions." Dkt. No. 31 at 2 n.1. Plaintiff's amendment does not deprive this Court of subject matter jurisdiction. Counterclaim Plaintiffs have asserted their own counterclaim under the federal Defend Trade Secrets Act. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992) (holding that a district court may adjudicate a counterclaim with an "independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction") (citation omitted); *Wong v. Bacon*, 445 F. Supp. 1177, 1184 (N.D. Cal. 1977) (same); Wright & Miller, *Compulsory Counterclaims-Subject-Matter Jurisdiction over Rule 13(a) Counterclaims*, 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed. 2025) (counterclaim with independent federal basis may be "adjudicate[d] . . . as if it were an original claim"). This independent federal basis anchors supplemental jurisdiction over all related claims in the civil action. *See, e.g.*, *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 814 (9th Cir. 2002) ("court's original jurisdiction over [federal counterclaim] gave it power to exercise supplemental jurisdiction" over state claims under 28 U.S.C. § 1367(a), even after plaintiff's original claim was dismissed). Regardless, the Court may still adjudicate this sealing motion. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (affirming district court's order on sealing motion following jurisdictional dismissal).

engaged in privileged communications with his clients, gave legal advice about their business affairs, and learned their most important trade secrets, all of which he was legally, contractually, and ethically bound to keep secret.  Instead, Plaintiff publicly filed that information in the state court.

Defendants' legal privileges, reasonable expectations of confidentiality, contractual rights, and trade secret rights all overcome the public's interest in accessing Plaintiff's allegations.  Principles of comity further support the Application, because these same allegations remain under seal provisionally in the state court. Accordingly, Defendants respectfully request that the Court enter an order pursuant to Local Rule 79-5.2.2 granting leave for Defendants to file the redacted portions of the documents under seal.

Defendants met and conferred with Plaintiff's counsel about the proposed redactions on December 22, 2025.  (Declaration of Victoria B. Parker ¶ 4.)  Plaintiff's counsel indicated he would likely oppose the Application except for redacting paragraphs 59 and 60 of the state court Complaint.  (*Id.* ¶ 6.)

## LEGAL STANDARDS

### I.    Sealing Judicial Records

A party seeking to seal court documents bears the burden of overcoming the public's presumed right to access judicial records by presenting either "good cause" or "compelling reasons"—depending on the type of document—"supported by specific factual findings" that are "sufficient to outweigh the public's interest in disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to seal materials submitted with a filing that is "more than tangentially related to the merits of the case," regardless of whether that filing is "technically dispositive," must demonstrate that there are "compelling reasons" to keep the filing under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "Under the Ninth Circuit's jurisprudence . . . a request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard

and not the 'good cause' standard." *Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. 22-cv-6491-JFW-SKx, 2022 WL 18717593, at *2 (C.D. Cal. Oct. 19, 2022) (quoting *McCrary v. Elations Co., LLC*, No. 13–cv-242-JGB-OPx, 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014)); *see Gopinath v. Somalogic, Inc.*, No. 23-cv-1164-W-WVG, 2023 WL 12055645, at *2 (S.D. Cal. July 18, 2023) (applying "compelling reasons" standard to sealing request because a notice of removal "is more than tangentially related to the underlying cause of action").

"[C]ompelling reasons" exist when "such court files might have become a vehicle for improper purposes, such as the disclosure of privileged communications or release of trade secrets." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). Such materials are "not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* at 1178. "[A]ttorney-client privileged materials, of course, are archetypal examples of material that has traditionally been kept secret for important policy reasons." *Capitol Specialty Ins. Corp. v. GEICO Gen. Ins. Co.*, No. 20-cv-672-RSWL-Ex, 2021 WL 7708485, at *1 (C.D. Cal. May 20, 2021) (quoting *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012)). As such, the presence of attorney-client privileged information generally serves as a compelling reason to seal a document, including the complaint. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 n.3 (Fed. Cir. 2013) (holding, under Ninth Circuit law, documents may be sealed if they are "sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts Inc.*, 298 Fed. App'x. 568, 569–70 (9th Cir. 2008) (holding pricing terms and business arrangements constituting trade secrets meet the "compelling reasons" standard); *Foltz*, 331 F.3d at 1135 (holding that protecting the attorney-client privilege is a compelling reason to seal).

## II.    Attorney-Client Privilege and Confidentiality

Application of the attorney-client privilege in a federal question case is governed by the federal common law of privilege. Fed. R. Evid. 501; *United States*

*v. Zolin*, 491 U.S. 554, 562 (1989).  The attorney-client privilege protects confidential communications between a client and an attorney from disclosure: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.  *Id.*

However, if federal law does not resolve an issue related to attorney-client privilege, a federal court may look to state law.  *Jaffee v. Redmond*, 518 U.S. 1, 12–13 (1996). California law defines the attorney-client privilege broadly.  *Michaels v. Davis*, 51 F.4th 904, 931–32 (9th Cir. 2022) (holding the privilege extends to "[i]nformation transmitted between a client and his lawyer in the course of that relationship and in confidence") (citing Cal. Evid. Code § 952).  "The attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material." *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 734 (Cal. 2009).

Consistent with this broad mandate, California courts have long recognized that client confidences must be safeguarded.  *See Gen. Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1190–92 (Cal. 1994).  As such, California attorneys must "maintain inviolate the confidence, and at every peril to himself . . . to preserve the secrets, of his . . . client." Cal. Bus. & Prof. Code § 6068(e)(1); *see* Cal. R. Prof. Conduct 1.6 (incorporating Cal. Bus. & Prof. Code § 6068); Cal. R. Prof. Conduct 1.13(c) (providing that an attorney representing an organization "shall not reveal information protected by Business and Professions Code section 6068, subdivision (e)."). Indeed, California law provides that "[t]he duty of confidentiality is broader than the attorney-client privilege and 'survives the termination of the attorney's representation.'" *Dietz v. Meisenheimer & Herron*, 177 Cal. App. 4th 771, 786 (Cal. Ct. App. 2009) (citing

*Goldstein v. Lees*, 46 Cal. App. 3d 614, 621 (Cal. Ct. App. 1975)); *see* Cal. R. Prof. Conduct 1.6, cmt. 2; Cal. Evid. Code § 952.

As a result of California's broad definitions for privilege and confidentiality, the California Supreme Court has cautioned that "the in-house attorney who publicly exposes the client's secrets will usually find no sanctuary in the courts," and has further held that "an attorney who unsuccessfully pursues a retaliatory discharge suit, and in doing so discloses privileged client confidences, may be subject to State Bar disciplinary proceedings." *Gen. Dynamics Corp.*, 7 Cal. 4th at 1190–91 (citing *Dixon v. State Bar*, 32 Cal. 3d 728, 739 (Cal. 1982) (in bank)).  When, as here, an in-house attorney litigates an employment dispute against his client, the California Supreme Court has further implored that "trial courts can and should apply an array of ad hoc measures from their equitable arsenal designed to permit the attorney plaintiff to make the necessary proof while protecting from disclosure client confidences subject to the privilege." *Id.* at 1191.   In *General Dynamics*, the California Supreme Court specifically endorsed the "***use of sealing and protective orders***" as measures that "can minimize the dangers to the legitimate privilege interests." *Id.* (emphasis added).

## **ARGUMENT**

As explained in detail below, compelling reasons exist for sealing portions of (I) Plaintiff's state court Complaint attached to Defendants' Notice of Removal; (II) Defendants' Answer to the Complaint; and (III) the Minnick Declaration.

## I.    The State Court Complaint

### a.    The State Court Complaint Contains Privileged Communications

The Complaint contains extensive references to Plaintiff's communications with Defendants about legal risks and Plaintiff's advice about those risks, which are privileged on their face. (Minnick Decl. ¶ 8.)[2]

---

[2] More detailed explanations are in the Minnick Declaration because they cannot be revealed in this publicly filed Application without risk of waiver.

Defendants therefore assert the attorney-client privilege over the following paragraphs in the Complaint:[3]

- Paragraphs 1, 3, 36-37, and 39-41 reveal internal discussions with counsel about the credit redemption process for one of defendants' vendors. Those discussions therefore contain confidential communications between lawyer and client about the interpretation of contracts between Defendants and a vendor, as well as Plaintiff's purported identification of legal risks associated with those contracts. (Minnick Decl. ¶ 8(a).)

- Paragraphs 49-50, 53-54, 86(a-b), 93(a-c), 100(a-c), and 109 reveal confidential communications between counsel and clients about financial reporting practices, including Plaintiff's alleged communications identifying purported legal risks to officers and directors. (Minnick Decl. ¶ 8(b).)

- Paragraphs 59-60, 63-65, 115-116, and 124 reveal confidential communications between counsel and clients about Plaintiff's understanding and interpretation of particular financial transactions. (Minnick Decl. ¶ 8(c).)

Protecting this privileged information presents a compelling reason to override the public's interest in accessing these paragraphs of the state court Complaint. (Minnick Decl. ¶ 9.) Such privileged materials are "of course," the "archetypal examples of material that has traditionally been kept secret for important policy reasons." *Capitol Specialty Ins. Corp.*, 2021 WL 7708485, at *1.

---

[3] To make this Application as narrow as possible, Defendants seek to seal only those portions of each paragraph that reveal privileged or confidential information, not each paragraph in its entirety. The exact extent of the proposed redactions is reflected in the yellow highlighted versions of the Complaint and Answer attached as Exhibits A and B to the Minnick Declaration.

**b.**     **The State Court Complaint Contains Confidential Client Information**

The Complaint also discloses a wealth of confidential information that Plaintiff learned through his position as in-house counsel.  Even setting aside the attorney-client privilege, California attorneys have a broad and sweeping duty of confidentiality requiring them to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." *Michaels*, 51 F.4th at 931–32 (citing Cal. Bus. & Prof. Code § 6068(e)).  Defendants were entitled to provide information to their General Counsel without fear that he would publicize it. Exposing this information would violate the proscriptions of Section 6068(e), constituting compelling reasons to seal.

Defendants therefore assert confidentiality over the following paragraphs in the Complaint, each of which reveals information known to Plaintiff, if at all, because he was performing legal work for Defendants: 1-3, 19, 22-28, 30-37, 39-43, 46-60, 63-65, 72, 115, and 124.  These allegations fall into certain categories, as explained more fully in the Minnick Declaration.  (*See* Minnick Decl. ¶¶ 10(a)-(i).)

These confidentiality interests present a compelling reason to override the public's right of access because an attorney's duty to keep client confidences is "deeply ingrained in our legal system" and is "uniformly acknowledged as a critical component of reasonable representation." *Michaels*, 51 F.4th at 931–32 (citations omitted).  Materials subject to this broad duty of confidentiality thus qualify as ones "traditionally [] kept secret for important policy reasons." *Kamakana*, 447 F.3d at 1178.  (*See* Minnick Decl. ¶ 11.)

**c.**     **The State Court Complaint Contains Trade Secrets and Contractually Protected Business Information**

"Compelling reasons" exist when disclosure would "release trade secrets." *Kamakana*, 447 F.3d at 1179; *In re Elec. Arts*, 298 Fed. App'x at 569.  Defendants therefore seek to redact the following portions of the state court Complaint:

- Exhibits 2 through 4 to the state court Complaint reveal Defendants' trade secrets in the form of pricing terms, economic splits, and capital financing structures.  (Minnick Decl. ¶ 14.)

- Paragraphs 23-24, 31, 39, 43, 27-28, 34-37, 39-42, and 46-60 purport to reveal Defendant Noble 33's cost of capital, liquidity requirements, and profit architecture.  (Minnick Decl. ¶ 15.)

On top of these legally protected trade secrets, the state court Complaint also reveals information covered by one or more contractual confidentiality obligation. Such confidentiality agreements provide independent grounds for sealing. *See, e.g.*, *Brady v. Delta Energy & Commc'ns, Inc.*, No. 5:21-cv-1843-FWS-SHK, 2024 WL 4869170, at *2 (C.D. Cal. Feb. 15, 2024) (sealing "confidential term sheet and confidential promissory note").

Defendants therefore seek to seal Exhibits 2, 3, and 4 to the state court Complaint.  Exhibit 2 prohibits disclosure of non-public information relating to the TMG brands (§ 3(a)(1)).  Exhibit 3 forbids disclosure of non-public information regarding the management agreement itself (§ 21(a)).  Exhibit 4 prohibits disclosure of information that should reasonably be considered confidential, including business strategy and promotional activities (§ 10(a)-(b)).  (Minnick Decl. ¶ 16.)

Public disclosure of Exhibits 2 through 4 to the Complaint would breach these binding obligations and expose the operational mechanics of Noble 33's business model—what it pays for licenses, what it earns from management fees, and how it structures marketing through third-party programs.  Such information "could harm Defendant[s]' competitive standing" and is "therefore appropriately sealed." *Turner v. Porsche Cars N. Am., Inc.*, No. 23-cv-06465-MWF-MAAx, 2025 WL 1723149, at *1 (C.D. Cal. May 9, 2025) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099); *Zhuhai Dingfu Phase I Indus. Energy Conservation Inv. Fund, LP v. Zhang*, No. 8:23-cv-02059-MRA-JDE, 2025 WL 2093411, at *1 n.1 (C.D. Cal. July 16, 2025) (sealing

"cost and pricing information" that would harm "competitive standing"). (Minnick Decl. ¶ 18.)

### d.  Principles of Comity Support at Least Partial Sealing

The Complaint remains under seal in the Superior Court of California pursuant to a court order. (*See* Minnick Decl., Ex. C.) Maintaining different sealing protocols across state and federal forums would result in inconsistent public access to the same document. *See Gomez v. Shinn*, No. 21-cv-1529-PHX-MTL, 2022 WL 4535415, at *2 (D. Ariz. Sept. 27, 2022) (refusing to "sidestep the state-court sealing orders" by unsealing complaint). Federal courts honor states' considered judgments as to sealing decisions. *Coley v. Carter*, No. 2:25-cv-4216-SPG-MARx, 2025 U.S. Dist. LEXIS 210250, at *3–4 (C.D. Cal. Oct. 24, 2025), Dkt. No. 65 (finding "good cause" to seal partly based on state court's sealing determination, explaining, "to the extent Plaintiff is barred from disclosing certain information by an order of the New Jersey Superior Court, Plaintiff could still proceed with this action by filing any confidential documents under seal."); *Toliver v. Las Vegas Metro. Police Officers*, No. 2:17-cv-2612, 2021 WL 1080739, at *7 (D. Nev. Mar. 17, 2021) (sealing record in light of state Legislature's "clear direction" that certain information "should not be made a part of the public record"); *Barnard v. State of Hawai'i*, No. 05-cv-599, 2007 WL 954303, at *3 (D. Haw. Mar. 27, 2007) (sealing in light of "strong state interest in confidentiality").

## II.  The Answer

Defendants' Answer necessarily responds to and quotes from the state court Complaint, thereby incorporating the same privileged attorney-client communications, confidential business information, and trade secrets that warrant sealing the Complaint itself. Although not every paragraph of the Answer reveals such information, some of them necessarily reflect or repeat information that should be sealed from the state court Complaint. Publicly filing the entire Answer would effectively circumvent the protections afforded to the Complaint by disclosing

through responsive pleading the very information the state court determined must remain confidential.

Defendants therefore seek to seal the following paragraphs of the Answer, for the same reasons identified above for sealing the corresponding allegation in the state court Complaint: 22, 26, 32, 37, 43, 46, 51, and 55.

## III.    The Minnick Declaration

The Declaration of Kevin J. Minnick in support of this Application contains numerous quotations from portions of the Complaint which Defendants seek to seal. Per L.R. 79-5.2.2, the Declaration has been filed in a manner "closed to public inspection," and its redacted portions should remain under seal for the same reasons above.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order granting leave to file the unredacted versions of the state court Complaint, Answer, and Minnick Declaration under seal.

DATED:  January 2, 2026

By: _/s/ Kevin J. Minnick_

Kevin J. Minnick, Esq.
Samuel A. Josephs, Esq.
SPERTUS, JOSEPHS & MINNICK, LLP

R. Brian Timmons, Esq.
B. Dylan Proctor, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP

_Attorneys for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC. and Noble 33 Holdings. LLC_

1

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,959 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 2, 2026          By: _/s/ Kevin J. Minnick_
                                      Kevin J. Minnick