Jon A. Atabek, Esq. (SBN 269497)
  *(jatabek@atabekandco.com)*
Shirin Ehyaei, Esq. (SBN 356975)
  *(sehyaei@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone:  (949) 229-0953
Facsimile:   (213) 402-3413

Attorneys for Plaintiff
MATTHEW SYKEN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN, an individual, | Case No.: 2:25-CV-11622 |
| Plaintiff, | **PLAINTIFF MATTHEW SYKEN'S APPLICATION FOR LEAVE TO PROVISIONALLY FILE UNDER SEAL DECLARATION OF MATTHEW SYKEN IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' PRELIMINARY INJUNCTION MOTION** |
| v. | |
| TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, AMROU MANASEER, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, and DOES 1-10 inclusive, | |
| Defendants. | |



1
**APPLICATION TO FILE UNDER SEAL**

**TO THE HONORABLE MARK C. SCARSI, U.S. DISTRICT COURT JUDGE, AND TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

Pursuant to Local Rule 79-5.2.2(b), Plaintiff MATTHEW SYKEN respectfully moves for leave to provisionally file under seal the documents identified in Exhibit 1, consisting of the Declaration of Matthew Syken in Support of his Opposition to Defendants' Preliminary Injunction Motion. Defendants contend that information contained therein may be protected by trade secret and/or attorney-client privilege, and Plaintiff seeks provisional sealing pending resolution of Defendants' confidentiality position.

**ATABEK & CO.**

Dated: January 5, 2026        By:  /s/ Jon A. Atabek

Jon A. Atabek, Esq.
Shirin Ehyaei, Esq.
Attorneys for Plaintiff
MATTHEW SYKEN



2
**APPLICATION TO FILE UNDER SEAL**

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").

Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). Kamakana, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," id., that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); see Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins.*

*Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. See Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.   PLAINTIFF'S PROVISIONAL REQUEST TO SEAL THE DECLARATION OF MATTHEW SYKEN IN SUPPORT OF HIS OPPOSITION TO THE PRELIMINARY INJUNCTION MOTION

Defendants contend that information contained in the declaration may contain privileged and confidential information, including alleged trade secrets and sensitive



4
**APPLICATION TO FILE UNDER SEAL**

corporate material. While the public has a recognized interest in access to court filings, that interest must be balanced against legitimate privacy and institutional concerns where disclosure could cause concrete harm.

As noted in Plaintiff's Opposition to Defendants' earlier Application to file portions of the Complaint and Answer under seal (Dkt. No. 10), Plaintiff does not concede Defendants' characterization of the material. Nevertheless, out of an abundance of caution—and in light of Defendants' stated position—Plaintiff requests that the declaration be provisionally filed under seal.

This request complies with Civil Local Rule 79-5. It is narrowly tailored to the specific document at issue.

### III. CONCLUSION

For the foregoing reasons, provisional sealing of the declaration is appropriate to preserve the status quo, protect asserted confidentiality interests, and allow the Court to adjudicate the sealing dispute without prematurely disclosing allegedly sensitive material.

**ATABEK & CO.**

Dated: January 5, 2026        By: __/s/ *Jon A. Atabek*_____

                                         Jon A. Atabek, Esq.
                                         Shirin Ehyaei, Esq.
                                         Attorneys for Plaintiff
                                         MATTHEW SYKEn

