UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-11622-MCS-MBK | Date January 7, 2026 |
| Title *Syken v. Berman* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Enterprises, LLC, Noble 33 Management, LLC, and Noble 33 Holdings, LLC, removed this action from the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV30055. (Notice of Removal, ECF No. 1.) Defendants invoked this Court's jurisdiction under 28 U.S.C. § 1331 based on Plaintiff Matthew Syken's cause of action arising under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (*Id.* at 3–4.) Defendants also invoked the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's other claims, which all arise under state law. (*Id.* at 3, 5.) Twenty-one days after removal, Plaintiff amended his complaint to delete his lone claim arising under federal law.[1] (*See generally* FAC, ECF No. 31; *see also id.* at 2 n.1 ("Part of the purpose of this amendment is to remove all claims giving rise to federal questions.").)

---

[1] Within two days of entry of this Order, Plaintiff shall file a redline of the amended complaint in accordance with the standing order. (*See* Initial Standing Order § 13, ECF No. 15.)

| Page 1 of 2 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk SMO |
|---|---|---|

The Court questions its continued jurisdiction over the action given Plaintiff's amended complaint. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). When a plaintiff "eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.*

Because Plaintiff's amended complaint eliminates his sole federal claim, it appears that the Court no longer has jurisdiction over the case.[2] The Court orders Defendants to show cause why the case should not be remanded to the Los Angeles County Superior Court for lack of jurisdiction. Defendants shall file a written response within seven days either conceding the Court lacks jurisdiction or adducing additional facts and argument toward subject-matter jurisdiction. Failure to file a timely and satisfactory response will result in remand without further notice. Plaintiff may respond to Defendants' response within seven days of its filing. The Court will refrain from ruling on the parties' outstanding applications and motions and holds all upcoming briefing deadlines in abeyance pending resolution of this Order. The hearing on the motion for a preliminary injunction set for January 26, 2026, is vacated.

**IT IS SO ORDERED.**

---

[2] The only remaining federal claim in the case is Defendants The Madera Group and Noble 33 Management LLC's counterclaim for misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. (Countercls. ¶¶ 67–80, ECF No. 4.) However, it is well-settled law that counterclaims cannot provide the basis for a federal court's jurisdiction under the well-pleaded complaint rule. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").