QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   R. Brian Timmons (Bar No. 155916)
   briantimmons@quinnemanuel.com
   B. Dylan Proctor (Bar No. 219354)
   dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000

SPERTUS, JOSEPHS & MINNICK, LLP
   Kevin J. Minnick (SBN 269620)
   kminnick@spertuslaw.com
   Samuel A. Josephs (SBN 284035)
   sjosephs@spertuslaw.com
617 West 7th Street, Suite 200
Los Angeles, California 90017
Telephone:  (213) 205-6520

*Attorneys for Defendants and
Counterclaim Plaintiffs The Madera
Group, LLC, Toca Madera Holdings, LLC,
Noble 33 Management, LLC and
Defendants Tosh Berman, Michael Tanha,
Mahdiar Karamooz, Noble 33 Enterprises,
LLC. and Noble 33 Holdings. LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SYKEN | Case No. 2:25-cv-11622-MCS-MBK |
| Plaintiff, | **DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |
| vs. | |
| TOSH BERMAN, MICHAEL TANHA, MAHDIAR KARAMOOZ, THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, NOBLE 33 ENTERPRISES, LLC, NOBLE 33 MANAGEMENT, LLC, NOBLE 33 HOLDINGS, LLC, and DOES 1-10 inclusive, | Trial Date:        None Set |
| Defendants. | |
| THE MADERA GROUP, LLC, TOCA MADERA HOLDINGS, LLC, and NOBLE 33 MANAGEMENT, LLC, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| MATTHEW SYKEN, JON ATABEK, and ATABEK & CO., | |
| Counterclaim Defendants. | |

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

INTRODUCTION ................................................................................................... 1

RELEVANT BACKGROUND ............................................................................... 3

ARGUMENT .......................................................................................................... 4

I.    Plaintiff's Amended Complaint Does Not Deprive the Court Of Its Independent Subject Matter Jurisdiction Over Defendants' Federal Counterclaim ...................................................................... 5

        a.    Defendants' Removal Was Proper Based On Plaintiff's Federal Claim ................................................................. 5

        b.    Defendants' DTSA Counterclaim Now Provides An Independent Source Of Federal Subject Matter Jurisdiction........ 6

        c.    The Cases Cited In The Court's Order to Show Cause Do Not Suggest A Different Outcome ................................ 9

II.    The Court Should Exercise Supplemental Jurisdiction Over The Parties' Remaining State-Law Claims .................................... 10

    a.    Defendants' State-Law Claims And DTSA Claim Derive From A Common Nucleus Of Operative Facts ................................ 11

        b.    Plaintiff's State-Law Claims And Defendants' DTSA Claim Also Derive From A Common Nucleus Of Operative Facts ........................................................ 12

        c.    The Circumstances Warrant Extending Supplemental Jurisdiction............................................................. 14

CONCLUSION.................................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Am. Cas. Co. of Reading, Pennsylvania v. Krieger*,
    181 F.3d 1113 (9th Cir. 1999) ................................................................ 15

*Axos Bank v. Nano Banc*,
    2024 WL 4720878 (C.D. Cal. Aug. 28, 2024) ...................................... 8

*Barefoot Architect, Inc. v. Bunge*,
    632 F.3d 822 (3d Cir. 2011) ............................................................ 2, 7

*Boynton v. United States*,
    566 F.2d 50 (9th Cir. 1977) .................................................................. 6

*Carrola v. FCA US, LLC*,
    2025 WL 3171577 (C.D. Cal. Nov. 12, 2025) ...................................... 5

*City of Chicago v. Int'l Coll. Of Surgeons*,
    522 U.S. 156 (1997) ............................................................................ 10

*Coastal Cap. Grp., LLC v. Copeland*,
    2025 WL 2379263 (C.D. Cal. Aug. 14, 2025) ...................................... 5

*Cripps v. Life Ins. Co. of N. Am.*,
    980 F.2d 1261 (9th Cir. 1992) .......................................................... 2, 6

*ECO Res., Inc. v. City of Rio Vista*,
    2006 WL 947763 (E.D. Cal. Apr. 12, 2006) ........................................ 7

*Great Lakes Rubber Corp. v. Herbert Cooper Co.*,
    286 F.2d 631 (3d Cir. 1961) ............................................................... 13

*Holmes Grp. Inc. v. Vornado Air Circulation Sys., Inc.*,
    535 U.S. 826 (2002) ..................................................................... 1, 5, 10

*Kirby v. Am. Soda Fountain Co.*,
    194 U.S. 141 (1904) ..................................................................... 2, 8, 10

*Kuehne & Nagel v. Geosource*,
    874 F.2d 283 (5th Cir. 1989) ........................................................... 2, 7

*Kyle Eng'g Co. v. Kleppe*,
    600 F.2d 226 (9th Cir. 1979) ................................................................. 9

*L.A. Press Club v. City of Los Angeles*,
    799 F. Supp. 3d 1007 (C.D. Cal. 2025) ............................................... 11

*Levin Metals Corp. v. Parr-Richmond Terminal Co.*,
    799 F.2d 1312 (9th Cir. 1986) ............................................................ 2, 7

*Louisville & Nashville R.R. Co. v. Mottley*,
    211 U.S. 149 (1908) ................................................................... 1, 9, 10

*Maryland Cas. Co. v. Knight*,
    96 F.3d 1284 (9th Cir. 1996) ................................................................ 6

*Maseda v. Honda Motor Co., Ltd.*,
    861 F.2d 1248 (11th Cir. 1988) ......................................................... 2, 7

*Navarro v. City of Fontana*,
    2010 WL 11459998 (C.D. Cal. Jan. 6, 2010) ..................................... 15

*NOCO Co. v. OJ Com., LLC*,
    35 F.4th 475 (6th Cir. 2022) ............................................................... 2, 7

*Pioche Mines Consol., Inc. v. Fid.-Phila. Tr. Co.*,
    206 F.2d 336 (9th Cir. 1953) .............................................................. 16

*Rengo Co. v. Molins Mach. Co.*,
    657 F.2d 535 (3d Cir. 1981) ................................................................. 9

*Royal Canin U.S.A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025) ................................................................... 2, 3, 9

*Sullivan v. First Affiliated Sec., Inc.*,
    813 F.2d 1368 (9th Cir. 1987) .............................................................. 9

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ........................................................................... 14

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009) ................................................................... 1, 5, 10

*VienPhuong Ti Ho v. City of Long Beach*,
    2020 WL 8617674 (C.D. Cal. Nov. 10, 2020) ................................... 15

*Williams v. Costco Wholesale Corp.*,
    471 F.3d 975 (9th Cir. 2006) ................................................................. 6

*Wong v. Bacon*,
    445 F. Supp. 1177 (N.D. Cal. 1977) ........................................... 3, 11, 13

*Zunum Aero, Inc. v. Boeing Co.*,
    2022 WL 17455782 (W.D. Wash. Dec. 6, 2022) .................................. 7

## Statutes

18 U.S.C. § 1836(c) .............................................................................. 3, 4

28 U.S.C. § 1331 ...................................................................................... 3

28 U.S.C. § 1338(a) .................................................................................. 4

28 U.S.C. § 1367 ................................................................ 4, 10, 12, 14, 15

29 U.S.C. § 1001 ...................................................................................... 4

## Other Authorities

Wright & Miller, *Compulsory Counterclaims-Subject-Matter*
    *Jurisdiction over Rule 13(a) Counterclaims*,
    6 Fed. Prac. & Proc. Civ. § 1414 (3d ed. 2025) .................................. 7

Fed. R. Civ. P. 41(a)(2) ...................................................................... 2, 7, 8

Fed. R. Civ. P. 13(a) ................................................................................ 7

DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
REGARDING SUBJECT MATTER JURISDICTION

Defendants and Counterclaim-Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, and Noble 33 Management, LLC, and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC (collectively, "Defendants"), respectfully submit this response to the Court's January 7, 2026, Order to Show Cause regarding subject matter jurisdiction. (ECF No. 47.)

## **INTRODUCTION**

There is no dispute that Defendants properly removed this case based on the federal-law claim in Plaintiff's Complaint. The question is whether this Court must relinquish jurisdiction because Plaintiff now seeks to drop that claim—for the express purpose of avoiding this Court's jurisdiction. The answer is no, for Defendants' federal counterclaim under the Defend Trade Secrets Act ("DTSA") provides an independent source of federal jurisdiction. While that counterclaim would not have provided a basis for removal in the first instance, it vests this Court with jurisdiction at this stage notwithstanding Plaintiff's request to dismiss his original federal claim.

The law of removal is well-traveled. Under the well-pleaded complaint rule, a federal counterclaim or defense cannot support removal to federal court, which is proper only if a plaintiff's complaint itself gives rise to federal jurisdiction. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009); *Holmes Grp. Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 830–31 (2002); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). But that rule is not pertinent here, for Plaintiff's well-pleaded complaint ***did*** give rise to federal jurisdiction. Plaintiff pled himself into federal court by expressly pleading a federal-law claim (under ERISA), thus entitling Defendants to remove based on that claim.

And once the case was properly removed (as it undisputedly was), the well-pleaded complaint rule no longer controls; the question becomes not whether the case properly arrived in federal court but ***whether it ought to stay***. That question—whether this Court will ***lose*** jurisdiction that it currently has by dismissing the claim that

-1-

permitted removal—requires consideration of more than just the Plaintiff's well-pleaded complaint.  It also requires consideration of any counterclaims, including Defendants' DTSA claim, which independently supports federal jurisdiction.  Once federal jurisdiction attaches, a counterclaim can stand on its own federal jurisdictional foundation for all future proceedings—separate and apart from whatever brought the plaintiff's claims into federal court at the outset.

Although this fact pattern is unusual, the law in this area is settled.  In the Ninth Circuit, counterclaims can support ongoing jurisdiction.  *See, e.g.*, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[A] District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction"); *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986). Other circuits apply the same rule.  *See, e.g.*, *NOCO Co. v. OJ Com., LLC*, 35 F.4th 475, 480 (6th Cir. 2022) ("[E]ven when a court lacks subject matter jurisdiction over an initial complaint, it may resolve counterclaims where it has an independent basis for jurisdiction over those claims"); *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 (3d Cir. 2011); *Maseda v. Honda Motor Co., Ltd*., 861 F.2d 1248 (11th Cir. 1988); *Kuehne & Nagel v. Geosource*, 874 F.2d 283, 291 (5th Cir. 1989).  This rule is consistent with longstanding Supreme Court precedent, which holds that federal jurisdiction over a counterclaim may be retained notwithstanding dismissal of the claim that allowed for removal in the first instance.  *See Kirby v. Am. Soda Fountain Co.*, 194 U.S. 141, 145–46 (1904).  Even the Federal Rules recognize that ongoing federal jurisdiction, once it attaches to a complaint, may be provided by a counterclaim.  *See*  Fed. R. Civ. P. 41(a)(2).

The Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), did not change—or even address—this well-established body of law.  There were no counterclaims in *Royal Canin*, so the plaintiff's dismissal of her federal claim left "nothing but state-law claims behind."

*Id.* at 25, 28–30.  In that circumstance, where there were no federal claims in the case, the exercise of supplemental jurisdiction would have been improper—because it would have been "supplemental to nothing." *Id.* at 25–26, 34.  But that is not the case here, where Plaintiff's decision to drop his federal claim does not leave "only state-law claims behind." *Id.* at 30.  *Royal Canin* does not hold or suggest that federal jurisdiction is lacking where federal counterclaims provide it.  It does not address that situation at all.

For these reasons, the ongoing assertion of federal jurisdiction is proper here. Removal was proper because Plaintiff's ERISA claim invoked federal-question jurisdiction under 28 U.S.C. § 1331, and jurisdiction attached at that moment. Defendants then asserted a federal counterclaim under 18 U.S.C. § 1836(c), which supplies a separate and independent basis for federal jurisdiction.  Where, as here, a counterclaim provides an "independent basis for federal jurisdiction, the court retains jurisdiction over the counterclaim despite the dismissal of the initial complaint." *Wong v. Bacon*, 445 F. Supp. 1177, 1184 (N.D. Cal. 1977).  And the Court has supplemental jurisdiction over all remaining state-law claims, which arise out of the same nucleus of facts and are part of the same case or controversy as the DTSA counterclaim.

Defendants thus respectfully request that the Court discharge its Order to Show Cause and decline to remand any portion of this case.  Alternatively, if the Court declines to exercise supplemental jurisdiction over Plaintiff's Amended Complaint, the remand should be limited to that pleading.  In light of Defendants' federal cause of action, the Counter-Complaint belongs in this Court at a minimum.

## **RELEVANT BACKGROUND**

On December 5, 2025, Defendants removed Plaintiff's Original Complaint from the Superior Court of the State of California for the County of Los Angeles. (Notice of Removal, ECF No. 1.)  Removal based on federal-question jurisdiction was proper under 28 U.S.C. § 1331 because Plaintiff's twelfth cause of action arose under

the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA")
provisions of the federal Employee Retirement Income Security Act of 1974
("ERISA"), 29 U.S.C. § 1001 *et seq*. (ECF No. 1 at 3–4.)  Defendants also invoked
supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims.
(ECF No. 1 at 3, 5.)

Following their removal, Defendants filed a Counter-Complaint against
Plaintiff Matthew Syken, Jon Atabek, and Atabek & Co. (Counter-Compl., ECF No.
4.)  The Counter-Complaint pleads nine causes of action, including violations of the
federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. (ECF No. 4 at 17–21.)
For that counterclaim, Defendants' pleading invokes the Court's federal-question
jurisdiction under 18 U.S.C. § 1836(c) and 28 U.S.C. § 1338(a).  (ECF No. 4 ¶ 13.)
The pleading also invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C.
§ 1367 over Defendants' state-law counterclaims, which arise out of the same case or
controversy as the DTSA counterclaim.  (ECF No. 4 ¶ 14.)

After Defendants moved for a preliminary injunction on their Counter-
Complaint, Plaintiff filed a First Amended Complaint seeking to dismiss his federal
COBRA claim.  Plaintiff states that "the purpose of this amendment is to remove all
claims giving rise to federal questions."  (First Am. Compl., ECF No. 31 at 2 n.1.)

On January 7, 2026, the Court issued an Order to Show Cause ordering
Defendants "to show cause why the case should not be remanded to the Los Angeles
County Superior Court for lack of jurisdiction."  (ECF No. 47 at 2.)

## **ARGUMENT**

There is no question in this case about whether Defendants' removal was
proper.  The question is whether Plaintiff can avoid federal jurisdiction after pleading
a federal claim, after the case was properly removed to federal court, and after
Defendants respond with their own federal counterclaim, by dismissing the claim that
gave rise to federal jurisdiction in the first place.  He cannot.  Defendants' DTSA
claim independently provides this Court with federal-question jurisdiction and serves

as a basis for exercising supplemental jurisdiction over all remaining state-law claims. Plaintiff's dismissal of his original federal claim will have no impact on the independent jurisdiction afforded by Defendants' federal counterclaim.

## I.    Plaintiff's Amended Complaint Does Not Deprive the Court Of Its Independent Subject Matter Jurisdiction Over Defendants' Federal Counterclaim

This case raises two jurisdictional questions: (i) whether Defendants' initial removal was proper, and (ii) whether Plaintiff's dismissal of his original federal claim, which gave rise to removal, defeats jurisdiction notwithstanding Defendants' post-removal assertion of a currently-pending federal counterclaim. We address each of these issues below.

### a.    Defendants' Removal Was Proper Based On Plaintiff's Federal Claim

The answer to the first question is straightforward: this Court certainly had federal question jurisdiction over this action at the time of removal. "[A]ny civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action." *Carrola v. FCA US, LLC*, 2025 WL 3171577, at *2 (C.D. Cal. Nov. 12, 2025) (citing 28 U.S.C. § 1441(a)). "Under the well-pleaded complaint rule, removal jurisdiction must be based on federal claims actually asserted in a plaintiff's complaint." *Coastal Cap. Grp., LLC v. Copeland*, 2025 WL 2379263, at *1 (C.D. Cal. Aug. 14, 2025) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10-11 (1983)). "Potential defenses or counterclaims under federal law do not give rise to removal jurisdiction." *Id.* (quoting *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987)).

Under these authorities and others, *e.g.*, *Vaden*, 556 U.S. at 56; *Holmes Group*, 535 U.S. at 830–31, Defendants' counterclaims are irrelevant to the question of whether the initial removal of this action was proper. But that rule is of no moment

here, for Defendants did not invoke their counterclaims in seeking to remove. (ECF 1.)  Instead, the removal was authorized based on the face of Plaintiff's complaint: Plaintiff pled a federal COBRA claim, giving the Court federal-question jurisdiction. (*See* ECF No. 1 at 3–4.)  And under established law, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). Thus, Defendants' removal was proper, and this Court was vested with subject-matter jurisdiction as a result of it.

### b.  Defendants' DTSA Counterclaim Now Provides An Independent Source Of Federal Subject Matter Jurisdiction

The answer to the second question is equally clear: Plaintiff's post-removal dismissal of his federal claim cannot and does not defeat jurisdiction in light of Defendants' assertion of a federal counterclaim.  Rather, under settled law, once federal jurisdiction attaches (as it did upon removal here), ***all*** claims must be considered before federal jurisdiction will be divested.

This rule is well-established.  In the Ninth Circuit, while a defendant's counterclaims will not support a removal in the first instance, a court "may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction." *Cripps*, 980 F.2d at 1267; *see also Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996) ("Because there existed an independent basis for jurisdiction over [defendant]'s counterclaim (diversity of citizenship), even if the district court had chosen to dismiss the declaratory relief complaint, the counterclaim would still be pending before the court."); *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977) (while jurisdiction over the underlying suit was lacking, court had "subject matter jurisdiction over [the] cross-claim separate from its jurisdiction over the underlying suit").  In one case, the Ninth Circuit applied this rule to ***reverse*** the dismissal of a defendant's counterclaims.

*See Levin Metals*, 799 F.2d at 1315 (reversing dismissal of federal counterclaim notwithstanding remand of plaintiff's complaint to state court for lack of jurisdiction, for "the counterclaim is supported by a basis for federal subject matter jurisdiction that exists independent of the original complaint").

District courts in this circuit apply this rule consistently.  In *Zunum Aero, Inc. v. Boeing Co.*, 2022 WL 17455782, at *1 (W.D. Wash. Dec. 6, 2022), for example, the court denied a remand on the grounds that defendant's "counterclaim arises under federal law, and thus, gave the court federal question jurisdiction."  Similarly, in *ECO Res., Inc. v. City of Rio Vista*, 2006 WL 947763 (E.D. Cal. Apr. 12, 2006), the court retained subject matter jurisdiction based on a counterclaim.  *Id.* at *1.

Other circuits apply the same principle.  As the Sixth Circuit recently explained, "even when a court lacks subject matter jurisdiction over an initial complaint, it may resolve counterclaims where it has an independent basis for jurisdiction over those claims."  *NOCO*, 35 F.4th at 480.  Other circuits agree.  *See, e.g.*, *Maseda*, 861 F.2d at 1252–53 (court properly retained jurisdiction over counterclaim notwithstanding dismissal of claim that allowed for removal); *Barefoot Architect*, 632 F.3d at 836 (retaining jurisdiction over counterclaims: counterclaimants "should not be deprived of a federal forum, to which they otherwise would have been entitled"); *Kuehne & Nagel*, 874 F.2d at 291 (similar).  Likewise, the leading treatise on federal civil procedure endorses this rule:

> If the counterclaim does present an independent basis of
> federal jurisdiction, the court may adjudicate it as if it were
> an original claim despite the dismissal of plaintiff's claim.

Wright & Miller, *Compulsory Counterclaims-Subject-Matter Jurisdiction over Rule 13(a) Counterclaims*, 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed. 2025).

The Federal Rules of Civil Procedure also endorse this rule, at least implicitly.  Under Rule 41(a)(2), once a defendant has answered and counterclaimed, a plaintiff's "action may be dismissed over the defendant's objection *only if the counterclaim can*

1   *remain pending for independent adjudication*."  Fed. R. Civ. P. 41(a)(2) (emphasis

2   added).   This provision assumes what controlling precedent provides: that once

3   jurisdiction attaches, a counterclaim can provide any necessary basis for maintaining

4   it.

5       All of this hearkens back to Supreme Court precedent.  As the Court held more

6   than a century ago, so long as a plaintiff's complaint gave rise to federal jurisdiction

7   at the outset, a counterclaim with an independent jurisdictional basis may proceed on

8   its own accord.  *See Kirby*, 194 U.S. 141.  In *Kirby*, the plaintiff filed a complaint in

9   state court seeking cancellation of a contractual obligation and damages, and the

10  defendant removed and filed a cross-complaint.  *Id.* at 141–42.  The Supreme Court

11  rejected the plaintiff's subsequent attempt to avoid federal jurisdiction over the

12  dispute by dismissing his complaint, explaining that jurisdiction over the cross-

13  complaint persisted notwithstanding that dismissal: "The jurisdiction thus acquired

14  by the circuit court was not devested by plaintiff's subsequent action."  *Id.* at 143,

15  146.  This established the rule—followed in the Ninth Circuit and elsewhere as

16  discussed above—that once a federal court has jurisdiction over a case and

17  counterclaims are asserted, the counterclaims must be considered in evaluating any

18  subsequent jurisdictional challenge.

19      Here, Defendants' DTSA counterclaim provides an independent source of

20  federal jurisdiction.  Indeed, "Congress enacted the DTSA to 'provide Federal

21  jurisdiction for the theft of trade secrets.'"  *Axos Bank v. Nano Banc*, 2024 WL

22  4720878, at *7 (C.D. Cal. Aug. 28, 2024) (quoting DTSA of 2016, Pub. L. No. 114-

23  153, 130 Stat. 376).  Because the DTSA counterclaim independently supports this

24  Court's jurisdiction, a remand or dismissal would be error.[1]

25

26  _____

27  [1]  This conclusion is true regardless of whether the DTSA claim is compulsory or
    permissive.  As the Third circuit has explained, "the status of the counterclaim as
    compulsory or permissive does not affect jurisdiction.  As long as the court has an
28  independent basis of jurisdiction, *i.e.*, as long as jurisdiction over the counterclaim is

**c.    The Cases Cited In The Court's Order to Show Cause Do Not Suggest A Different Outcome**

The precedents cited by the Court in its Order to Show Cause do not suggest a different outcome, for none address the situation presented here.

*First*, the Supreme Court's decision from last term in *Royal Canin* is inapposite. In that case, the defendant removed based on a federal claim in plaintiff's complaint, 604 U.S. at 28, but—critically—did not counterclaim.  Thus, when the plaintiff amended her complaint to eliminate all federal claims, it left "nothing but state-law claims behind." *Id.* at 25, 29–30.  The question was whether the district court could exert supplemental jurisdiction over the plaintiff's state-law claims in the absence of any federal claims.  The Supreme Court held it could not, explaining that without any pending federal claim, supplemental jurisdiction over state-law claims would be "supplemental to nothing."  *Id.* at 25–26, 34.  This holding has no relevance here, where a federal counterclaim is pending and the exercise of supplemental jurisdiction would be supplemental to that claim.

*Second*, the Supreme Court's cases addressing when federal jurisdiction initially attaches—i.e., the cases establishing the well-pleaded complaint rule—are also inapposite, because it is beyond dispute that jurisdiction attached upon removal in this case.  In *Mottley*, federal jurisdiction never attached because plaintiffs brought state-law claims in federal court based on an anticipated federal defense, yielding the rule that a suit arises under federal law "only when the plaintiff's statement of his own

---

not ancillary to jurisdiction over the main claim, the counterclaim remains cognizable despite the dismissal on jurisdictional grounds of plaintiff's action." *Rengo Co. v. Molins Mach. Co.*, 657 F.2d 535, 540 n.4 (3d Cir. 1981) (collecting cases); *see also Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 232 (9th Cir. 1979) (reversing dismissal of counterclaims:  "Because there is independent federal subject matter jurisdiction for the [defendant]'s claims, they remain cognizable in federal court even if it becomes necessary to dismiss [plaintiff]'s complaint[,]" regardless of whether counterclaims were permissive or compulsory).

cause of action" invokes it. 211 U.S. at 152. In *Vaden*, jurisdiction never attached where the petitioner invoked the alleged preemption of defendant's counterclaims as a basis for jurisdiction, yielding a restatement of the rule that a suit arises under federal law only if the complaint's own cause of action invokes it. 556 U.S. at 59, 66–67. And in *Holmes*, appellate jurisdiction never attached in the Federal Circuit based on a patent counterclaim, yielding another rendition of the well-pleaded complaint rule. 535 U.S. at 829–30. Notably, the *Holmes* Court expressly recognized that the question of "whether a district court can *retain jurisdiction* over a [federal] counterclaim if the complaint (or a claim therein) is dismissed" is a different one— and one that was not presented in that case. *Id*. at 833 n.4 (emphasis added).

Each of these cases considered whether jurisdiction should attach ***in the first instance*** based on a counterclaim or defense. Here, in contrast, the question is whether a plaintiff can avoid federal jurisdiction after having invoked it— notwithstanding a pending federal counterclaim—by dismissing the claim that gave rise to federal jurisdiction initially. The Supreme Court decision that answers that question is *Kirby*, which holds that the "jurisdiction thus acquired by the circuit court was not devested by plaintiff's subsequent action" in dismissing his complaint. 194 U.S. at 146.

## II.    The Court Should Exercise Supplemental Jurisdiction Over The Parties' Remaining State-Law Claims

As shown above, this Court has federal-question jurisdiction over the DTSA counterclaim. As shown below, the Court also has supplemental jurisdiction over the parties' state-law claims.

A federal court has supplemental jurisdiction over state-law claims that are "so related" to the claims over which it has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. Of Surgeons*,

522 U.S. 156, 157 (1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). "Claims that arise from the same 'transaction or occurrence' undoubtedly share a 'common nucleus of operative fact,' but the common nucleus test is broader than that: it 'requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection.'" *L.A. Press Club v. City of Los Angeles*, 799 F. Supp. 3d 1007, 1022 (C.D. Cal. 2025) (collecting cases).  As detailed further below, the circumstances of this case favor exercising supplemental jurisdiction over both the Defendants' state law claims and the Plaintiff's remaining state law claims because they all form part of the same case or controversy as Defendants' DTSA counterclaim.

### a.    Defendants' State-Law Claims And DTSA Claim Derive From A Common Nucleus Of Operative Facts

A counterclaim with an independent basis for original subject matter jurisdiction may anchor supplemental jurisdiction over related state-law claims so long as they all derive from a common nucleus of operative fact.  In this action, Defendants' DTSA counterclaim provides a clear basis for the Court to exercise supplemental jurisdiction over Defendants' state-law claims, which are closely related. *See, e.g.*, *Wong v. Bacon*, 445 F. Supp. 1177, 1184, 1188 (N.D. Cal. 1977).

In their DTSA claim, Defendants allege that, in retaliation for Defendants' termination of Plaintiff for embezzlement, Plaintiff maliciously disclosed Defendants' trade secrets—which he acquired while serving as Defendants' General Counsel to the public and third parties.  These trade secrets include "Noble 33's licensing and management fee structures with TMG, specific revenue-sharing percentages that Noble 33 pays to TMG based on restaurant sales, how those percentages are calculated, the revenue metrics used in such calculations, the nature of Noble 33's relationship with the restaurants it manages, and the structure of Noble 33's operations."  (ECF No. 4 ¶ 73.)

Defendants' other state law claims share the same common nucleus of operative facts.  Defendants' Counter-Complaint asserts claims for conversion, fraud, breach of contract (embezzlement and confidentiality), breach of confidence, and breach of fiduciary duty based on allegations that Plaintiff embezzled from his employer (ECF No. 4 ¶ 83; *see, e.g.*, ECF No. 4 ¶ 96) and, once he got caught and was terminated, retaliated against Defendants by maliciously "publicizing internal information he received from his clients, including privileged and confidential information, and by mischaracterizing that information to cause maximum harm." (ECF No. 4 ¶ 83; *see, e.g.*, ECF No. 4 ¶ 114.)  The DTSA claim puts at issue the same course of events and the same facts as the state-law claims that Defendants pled.

Given the very substantial overlap with the operative facts of Defendants' DTSA claim, the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Defendants' state-law claims here.

**b.    Plaintiff's State-Law Claims And Defendants' DTSA Claim Also Derive From A Common Nucleus Of Operative Facts**

The Court should also exercise supplemental jurisdiction over Plaintiff's state-law claims, which likewise share a common nucleus of operative facts with Defendants' DTSA claim.

Plaintiff's First Amended Complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, disability discrimination, civil harassment, retaliation, failure to prevent the same, wrongful termination, whistleblower retaliation, failure to pay wages, waiting-time penalties, failure to reimburse expenses, unfair competition, civil extortion, declaratory relief, and injunctive relief.  While set forth across many causes of action, all of these claims stem from Plaintiff's core factual allegations that Defendants supposedly "fabricat[ed] a pretextual 'audit' and demand[ed] $257,000 in alleged expenses;" "[c]ut[] off his email and access to systems while falsely telling employees and third parties that he was terminated;" "wrongfully terminat[ed] Syken for discriminatory

and retaliatory reasons[;]" and "fail[ed] to pay sums owed under the terms of" his consulting contracts. (ECF No. 31 ¶¶ 72, 76, 93.) Plaintiff's whistleblower retaliation claims in particular are premised on allegations that Defendants retaliated against Plaintiff for disclosing Defendants' privileged and confidential information that he "had reasonable cause to believe…evidenced violations of state and federal statutes, rules, or regulations." (ECF No. 31 ¶ 125.)

Defendants' DTSA claim derives from overlapping facts. Like Plaintiff's state law claims, the DTSA claim starts with the parties' dispute as to whether Plaintiff embezzled "approximately $250,000" in funds; and Defendants go on to allege that Plaintiff maliciously disclosed Defendants' trade secrets acquired while serving as Defendants' attorney (*i.e.*, the same role that underlies all of Plaintiff's employment claims) in retaliation for his termination for embezzlement. Defendants also assert that Plaintiff's conduct violated the parties' agreements, which are the same agreements that underlie Plaintiff's contract-based claims. (ECF No. 4 ¶¶ 2, 73.)

With all claims, the core factual disputes substantially overlap. The key factual issues of whether Plaintiff embezzled from Defendants (Defendants' version) or Defendants fabricated that claim (Plaintiff's version), and of whether Plaintiff was entitled to disclose Defendants' secrets (Plaintiff's claim) or whether such conduct constituted trade-secret misappropriation (as Defendants allege), give rise to both sides' claims. Thus, because the operative facts underlying Plaintiff's state-law claims overlap with those underlying the DTSA counterclaim, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims as well.

There is no impediment to such an exercise of supplemental jurisdiction based on a federal counterclaim. As one court explained, "[i]f a federal court has jurisdiction over a compulsory counterclaim with an independent jurisdictional basis (such as defendants' claim)," a related claim by the plaintiff "will be within the ancillary jurisdiction of the court." *Wong*, 445 F. Supp. at 1188, *aff'd*, 550 F.2d 1303 (2d Cir. 1977); *see Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631,

633 (3d Cir. 1961) (exercising ancillary jurisdiction over plaintiff's claim based on defendant's federal counterclaim). Thus, Defendants' DTSA counterclaim can support supplemental jurisdiction over Plaintiff's state-law claims here.[2]

### c.    The Circumstances Warrant Extending Supplemental Jurisdiction

Under limited circumstances, a court may decline to exercise supplemental jurisdiction over state law claims even when they arise from the same nucleus of operative fact. *See* 28 U.S.C. § 1367(c) (identifying four reasons why a district court may choose to decline supplemental jurisdiction: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction"). The Court should not decline supplemental jurisdiction here.

The first and third factors under Section 1367(c) are not present. The parties' state law claims do not present novel or complex issues of state law. Nor has the Court dismissed all claims over which it has original subject matter jurisdiction, for Defendants' DTSA claim is still pending.

As to the second factor, state law claims may "substantially predominate" in terms of "proof, of the scope of the issues raised, or…of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Whether state law claims substantially predominate over federal claims is a

---

[2] The supplemental jurisdiction statute draws no distinction between claims and counterclaims, instead providing that "the district courts shall have supplemental jurisdiction over all other claims that are so related *to claims in the action within [the Court's] original jurisdiction* that they form part of the same case or controversy." 18 U.S.C. § 1367(a) (emphasis added). Defendants' DTSA counterclaim is a claim in the action within the Court's original jurisdiction, so it supports the exercise of supplemental jurisdiction over "all other claims" that "form part of the same case or controversy." *Id.*

"qualitative – not quantitative – inquiry." *Navarro v. City of Fontana*, 2010 WL 11459998 at *3 (C.D. Cal. Jan. 6, 2010). Here, the parties' state law claims do not substantially predominate over Defendants' DTSA claim. Rather, the claims are all premised on a common nucleus of operative facts, and they will turn on largely overlapping evidence.

Because it arises under federal law, the DTSA claim falls under the Court's "virtually unflagging obligation" to exercise jurisdiction and must be adjudicated, ***even if*** there were parallel state-court proceedings presenting similar issues. *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1120 (9th Cir. 1999) (holding that counterclaims against insurer invoked court's virtually unflagging jurisdictional obligation, despite parallel state proceedings addressing underlying liability).

Because the DTSA claim must go forward, efficiency and judicial economy concerns militate in favor of adjudicating related state-law claims here as well. Any distinct issues in the parties' state-law claims do not predominate over the core dispute, which is teed up for resolution by Defendants' DTSA counterclaim. Thus, the second Section 1367(c) factor does not preclude the exercise of supplemental jurisdiction.

Finally, there are no compelling or exceptional circumstances militating against the exercise of supplemental jurisdiction. It is Plaintiff, not Defendants, who has engaged in forum shopping by first pleading a federal claim and then dropping it for the express purpose of avoiding this Court's purview.[3]

---

[3] Plaintiff's suggestion that Defendants removed to prevent him from filing an anti-SLAPP motion is nonsensical. Plaintiff has no basis for any such motion, and "an anti-SLAPP motion may be brought in federal court" if he did. *VienPhuong Ti Ho v. City of Long Beach*, 2020 WL 8617674, at *34 (C.D. Cal. Nov. 10, 2020) (citations omitted).

Accordingly, the Court should exercise supplemental jurisdiction over all claims.  In the alternative, if the Court is inclined to remand Plaintiff's claims to state court, the Court should maintain jurisdiction over Defendants' counterclaims, both state and federal.  Any other result would be error.  *See, e.g.*, *Pioche Mines Consol., Inc. v. Fid.-Phila. Tr. Co.*, 206 F.2d 336, 336–37 (9th Cir. 1953) (reversing trial court's dismissal of defendant's counterclaim because "[t]he counterclaim persists where it is supported by an independent ground of federal jurisdiction" despite plaintiff's "argu[ment] that the dismissal of its complaint renders mandatory a dismissal of the counterclaim also").

## CONCLUSION

Defendants' federal counterclaim provides an independent basis for federal question jurisdiction.  Accordingly, Defendants respectfully request that the Court discharge its Order to Show Cause and decline to remand this case for want of jurisdiction.  If the Court elects to remand Plaintiff's First Amended Complaint, Defendants respectfully request that the Court retain its original jurisdiction over the DTSA counterclaim and supplemental jurisdiction over Defendants' related state-law claims.

DATED:  January 14, 2026

By: */s/ R. Brian Timmons*
R. Brian Timmons, Esq.
B. Dylan Proctor, Esq.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kevin J. Minnick, Esq.
Samuel A. Josephs, Esq.
**SPERTUS, JOSEPHS & MINNICK, LLP**
*Attorneys for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC*

-16-

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC, certifies that this brief contains 5002 words, which complies with the word limit of L.R. 11-6.1.

DATED:  January 14, 2026          By */s/ R. Brian Timmons*
                                        R. Brian Timmons

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel of record for Defendants and Counterclaim Plaintiffs The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Management, LLC and Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, Noble 33 Enterprises, LLC, and Noble 33 Holdings, LLC, certify that the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the date identified below upon all counsel of record via ECF.

DATED:  January 14, 2026          By */s/ R. Brian Timmons*
                                                    R. Brian Timmons