UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-11622-MCS-MBK | Date January 30, 2026 |
| Title *Syken v. Berman* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER OF REMAND (JS-6)

After Plaintiff Matthew Syken amended his complaint to excise his sole federal claim, (Am. Compl., ECF No. 31), the Court ordered Defendants Tosh Berman, Michael Tanha, Mahdiar Karamooz, The Madera Group, LLC, Toca Madera Holdings, LLC, Noble 33 Enterprises, LLC, Noble 33 Management, LLC, and Noble 33 Holdings, LLC, to show cause why this case should not be remanded to state court for lack of subject-matter jurisdiction. (OSC, ECF No. 47.) Defendants and Plaintiff filed separate responses. (Defs.' Resp., ECF No. 50; Pl.'s Resp., ECF No. 51.)

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new

complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). When a plaintiff "eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.*

This case presents a straightforward application of *Royal Canin*. In his state court complaint, Plaintiff raised a variety of state law claims broadly relating to his employment and termination by Defendants. (*See* Compl. ¶¶ 68–158, 167–87, ECF No. 6-1.) He also brought one claim under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (*Id.* ¶¶ 159–66.) Defendants promptly removed the case to federal court, invoking this Court's jurisdiction under 28 U.S.C. § 1331 based on the federal claim and the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims. (Not. of Removal 3, 5, ECF No. 1.) Twenty-one days after removal, Plaintiff amended his complaint to, among other things, delete his sole federal claim. (*See generally* FAC, ECF No. 31; *see also id.* at 2 n.1 ("Part of the purpose of this amendment is to remove all claims giving rise to federal questions.").) Because Plaintiff has "eliminate[d] the federal law claim[] that enabled removal" and left "only state law claims behind," the Court's "power to decide the dispute [has] dissolve[d]." *Royal Canin*, 604 U.S. at 30.

Defendants resist this conclusion based on their federal counterclaim. (*See* Defs.' Resp. 6–10.) The same day they removed the case from state court, Defendants filed counterclaims against Plaintiff and his counsel for a variety of state law violations, as well as a counterclaim under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. (*See generally* Countercls., ECF No. 4.) Defendants reason that *Royal Canin* is inapposite and does not require remand because the removing defendant in that case did not assert a federal counterclaim. (Defs.' Resp. 9.) But it is well-settled law that counterclaims cannot provide the basis for a federal court's jurisdiction over the primary action under the well-pleaded complaint rule. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Royal Canin*, 604 U.S. at 26 ("[T]he determination of jurisdiction is based only on the allegations in the plaintiff's well-pleaded complaint—not on any issue the defendant may raise." (internal quotation marks omitted)); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) ("[A] counterclaim is irrelevant to whether the district court had original jurisdiction over the civil action. . . . [T]he civil action of which the district court must have original jurisdiction is the action as defined by the plaintiff's complaint . . . ." (cleaned up)).

Defendants cite several older cases suggesting a district court can retain jurisdiction over a federal counterclaim after the dismissal of all federal claims in the operative complaint. *See, e.g.*, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("In this circuit, 'we recognize that a District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction.'" (quoting *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977)). Even assuming this principle has survived decades of intervening authorities and *Royal Canin*, it does nothing to resolve the instant case. The question here is whether to *remand* the case based on the lack of a federal question in the operative complaint, not whether the Court can continue to exercise jurisdiction over counterclaims after *dismissing* the Plaintiff's federal claim. Plaintiff made the deliberate decision to excise his sole federal claim in his amended complaint. (*See* Am. Compl. 2 n.1.) Because removal was premised entirely on that single federal claim, the operative complaint no longer presents a basis for the Court to exercise subject-matter jurisdiction. Remand is thus mandatory. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added)); *see also Royal Canin*, 60 U.S. at 44.

The Court remands the action to the Los Angeles County Superior Court, No. 25STCV30055. The Court, on its own motion, finds good cause and compelling reasons to permanently seal the filings listed at ECF Nos. 25, 26, and 27, which the Court previously struck from the record. (Order Granting Ex Parte Appl. to Strike Docket Entries, ECF No. 35.) *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court also grants the unopposed application to retroactively seal ECF No. 21-12. (Appl., ECF No. 52.) The Court orders the Clerk to permanently seal the filings at ECF Nos. 21-12, 25, 26, and 27. All other pending motions and applications are denied without prejudice to renewal in state court.[1] The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**

---

[1] Documents subject to sealing applications denied herein need not be publicly filed in unredacted form in the federal docket.